MEINRAD GREINER *v.* JOHN L. THIELEN, Sheriff, and another.

The Commercial Court of New Orleans has no jurisdiction of an action to recover damages for an illegal seizure and sale of property. Act 14 March, 1839, sect. 3. The want of jurisdiction in such a case being *ratione materiæ*, the Judge is bound to notice it, though not pleaded by the defendant.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.
*Greiner,* appellant, pro se.
*Roselius* and *Robinson,* for the defendants.

MORPHY, J. The plaintiff has taken this appeal from a judgment of the Commercial Court, dismissing his action on the ground

that it cannot by law entertain jurisdiction of a suit for the recovery of damages for a quasi-offence. The inferior Judge has pronounced the present suit to be a *jesuitical, casuistical,* and *sophistical* attempt to invade the jurisdiction of the court over which he presides. Whatever may have been the intentions of the suitor, we cannot consider his action as one arising *ex contractu.* Notwithstanding the manner in which it is presented, this suit, in truth and in substance, is a claim for damages for a quasi-offence. The petition charges that Thielen, Sheriff of the First Judicial District, and Prendergast, are indebted to the plaintiff, *in solido,* in the sum of $3000, for this, that Thielen, under the direction of Prendergast, took possession on the 28th of March, 1842, of three hundred copies of a book called the Louisiana Digest, published and edited by the plaintiff, and that on the 13th of April following, they offered the same at public sale ; that Thielen and Prendergast took possession of said books illegally, and well knowing that they belonged to the plaintiff; that the value of the books was ten dollars per copy ; and the petition concludes by praying for a judgment decreeing the defendants, *in solido,* to restore to the plaintiff his books, or to pay him their value, $3000, with interest and costs, &c.

It is said that this is an action of *detinue,* and, therefore, *ex contractu ;* that the petitioner claims the goods detained, or their value, in the alternative, and that so should be the judgment rendered ; that, at all events, no exception having been pleaded below, the Judge was bound to determine the case on its merits, and erred in dismissing it, *ex officio.* The allegations of the plaintiff's petition, are inconsistent with the nature of an action of detinue, which lies upon a bailment, or finding. The defendant, in such an action, must be alleged or shown to have come lawfully into possession of the goods, either by delivery to him, or by finding them ; whence arises an implied obligation, or contract, to return the property on demand, or its value. In the present case it is not alleged that either of the defendants was in the actual possession of the books, the value of which is claimed, at the time of the institution of this suit; but, on the contrary, it is averred that, after illegally seizing or taking possession of the property, the Sheriff offered it for sale, on the 13th of April, 1842 ; and the plaintiff's

evidence on the trial shows, that the books were sold on that day, under a *fieri fucias*, in a suit of *Prendergast* v. *B. Levy and others*. The form in which it has pleased the plaintiff to bring his action, cannot change its true character; he well knew that the books, of which he claimed a restoration, were in the possession of neither of the defendants, but in that of the purchasers at the Sheriff's sale. His sole object must have been to recover from them, as trespassers, the value of his property, and it is on that ground alone that he must have felt himself authorized to sue them jointly. This suit, then, is clearly, to all practical intents and purposes, one for damages for an alleged illegal seizure and sale of the plaintiff's property; and, therefore, comes within one of the classes of cases excluded from the jurisdiction of the Commercial Court, by the third section of the law creating that court. B. & C.'s D. 234.

The want of jurisdiction relied on by the Judge below being *ratione materiæ*, he was bound to notice it. The law creating the court over which he presides, evidently intended that it should take cognizance principally, if not exclusively, of suits of a commercial nature; hence it has excluded, expressly, from its jurisdiction several classes of cases, among which are actions for the recovery of damages for offences and quasi-offences. The Judge has, in our opinion, taken a correct view of his duty in considering himself bound to protect the jurisdiction of that court for the class of cases for which it was created, and thus to enable himself to dispatch the important business brought before him, with that promptness which was expected of him, and which, in justice to him, we should add, he has always shown.

*Judgment affirmed.*