## No. 9962.

### MRS. C. E. CHAMPON VS. C. E. CHAMPON, HER HUSBAND.

Where a marriage is solemnized in France, and the husband subsequently abandons his wife and comes to Louisiana, he cannot prosecute a suit against his abandoned wife for a divorce in a court in this State by causing a *curator ad hoc* to be appointed to represent her, through whom she is cited, and the wife is not notified of the proceedings and the judgment of divorce rendered in the suit will be regarded as rendered without citation and such judgment will be an absolute nullity.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe,* J.

---

*Bayne, Denegre & Bayne* for Plaintiff and Appellee.

*Semmes & Legendre* and *R. T. Beauregard* for Defendant and Appellant.

#### ON EXCEPTIONS.

1. No appeal can be taken after the expiration of a year from the rendition of the judgment, C. P. 593; (and *two* years when the defendant is absent from the State.) *Ib.*

2. An action of nullity for vices of form should be brought within one year from the rendition of the judgment, and can only be allowed in the cases enumerated in Art. 606. In case of charge of fraud or ill practice the action should be brought within one year of the

discovery of the fraud or ill-practice, and the plaintiff must show that he was guilty of no neglect or laches ; that he has been injured ; and has not neglected his means of defence, 23 Ann. 146 and authorities there cited ; C. P. 613 ; 18 Ann. 280, 507; 3 Ann. 646 ; 6 Ann. 799 ; 29 Ann. 105 ; 31 Ann. 467 ; 32 Ann. 13. 409.

3. Vices of form not mentioned in Art. 606 C. P.. and omissions of procedure, or insufficient evidence, can only be urged on appeal and not by action of nullity. 23 Ann. 147 and authorities there cited and those above.

4. The admission of the wife's testimony (or husband's) in a suit against the husband. without objection, is not an absolute nullity. If she be allowed to testify, her testimony should go to the jury (or to the judge). 28 Ann. 604, 605, State vs. Williams.

5. A *curator ad hoc* can validly acknowledge in writing service of petition and citation addressed to him as such, and such acknowledgment brings the defendant into court, and interrupts prescription. 31 Ann. 540.

6. The motion made by a judgment debtor to annul the judgment for want of jurisdiction because he resided in another parish, made actual citation unnecessary, and cured the defect if there had been no citation. 10 R. 140; 11 Ann. 197; 31 Ann. 540.

## JURISDICTION.

5. Act No. 76 of 1870, p. 108. and Act. 141, Rev. C. C. 1870, and section 1995 Revised Statutes of 1870, gave. by the former, as *absolute* causes of *immediate* divorce, the causes of separation in the former Code. The new Code authorizes the appointment of an attorney to represent either defendant when *absent. contradictorily with whom* the suit " shall be prosecuted;" the word *him* in the article means *her* when the husband is plaintiff. (see C. C. 3556, par. 1); the R. S. clothed the Third District Court of Orleans with jurisdiction in divorce cases.

6. The conjugal domicile is that of the husband, C. C. 39, 120 : and a husband married in a foreign country can emigrate to this country. become a bona fide permanent citizen and resident of this State; in that case the conjugal domicile is legally transferred to the country and State of his adoption and allegiance. and the proper State Court vested with jurisdiction as to his status and suits for separaton or divorce in accordance with the laws of said adopted domicile. (See quotations in the brief from Bishop, Story, etc.)

7. A fact testified to by competent witnesses will be accepted as proved if there is no evidence tending to impeach their credibility. 32 Ann. 251; 35 Ann. 1096.

8. *Qui tacet consentire videtur,* is a safe maxim of estoppel. Hennen N. D., verbo Evidence (f) par. 6, 11, and *actions and omissions* of duty on the *same principle* speak louder than *words.*

---

The opinion of the Court was delivered by

Todd, J. This is a suit to annul a judgment of divorce obtained by the present defendant against the plaintiff, his wife.

The judgment attacked was rendered by a district court of the parish of Orleans, in this State, on the 16th of March, 1874.

Among the grounds of nullity urged against the judgment assailed, is the want of citation, *i. e.* that the judgment in question was rendered without citation to the wife, the defendant therein.

The facts are these: The parties were married in France in 1852. In 1855 Champon, the husband, abandoned his wife and came to this country and joined his concubine here, who together subsequently came to New Orleans, where they continued to reside.

Some time prior to 1874 the deserted wife came to the United States and lived in New York City, to the knowledge of her husband.

In February, 1874, Champon instituted a suit for divorce against his wife, on the ground of excesses, ill-treatment and abandonment. In his petition he alleged that his wife was absent from the State and resided in some part of the United States unknown to him, and he prayed and obtained the appointment of a *curator ad hoc* to represent her.

This appointment was made on the 3d of March, 1874, and upon the same day citation was issued and served (quoting) "upon Mrs. E. Champon, wife of C. E. Champon, through A. Brieugne, Esq., appointed attorney *ad. hoc*."

Upon the 5th of March the curator filed an answer, substantially a general denial.

The case was submitted on the 11th of March; on the 16th, same month, judgment granting the divorce was rendered, and was signed on the 20th.

There were no proceedings had in the case such as summonses and orders to return and notifications directed to the wife, to establish abandonment as prescribed by the Code. In point of fact, she was entirely ignorant of the proceedings and remained in ignorance of them until a copy of the judgment was forwarded to her in New York.

We have no hesitation in concluding, under this state of facts, that the judgment was an absolute nullity.

The only provision in our law for the appointment of a *curator ad hoc* to defend an absentee is in Arts. 56 of the C. C. and 116 C. P. and R. S. 1198.

These articles were for a long time the subject of conflicting decisions, but finally it was settled that the articles in question presuppose something upon which the jurisdiction of the court can properly rest. Such, for instance, as the party sued having property in the State, or being a necessary party to some judicial proceeding, or contract, or convention sought to be annulled. 2 Ann. 562 ; 3 Ann. 101.

Marriage under our law is a civil contract. A decree of divorce, dissolving the marriage rests on the same principle on which all contracts may be dissolved, *i. e.* by reason of an active or passive violation of the obligation of the contract by either party thereto. But with regard to the contract of marriage particular rules are prescribed and mode of proceeding established, by or through which the parties to such contracts aggrieved may enforce their rights, either by a separation from bed and board or an absolute divorce.

These rules are defined in the articles of the Code on the subject of divorce and separation from bed and board.

It was held in the case of Prindle vs. Williams, 9 Ann. 34, that there were only two cases in which a curator could be appointed to absent wives in suits instituted by their husbands for divorce or separation from bed and board; one where the defendant is charged with the commission of an infamous crime and being a fugitive from justice, or a separation is claimed on the ground of abandonment. Muller vs. Helton, 13 Ann. 1.

This divorce proceeding that we are reviewing does not fall within either of the conditions named where such an appointment could be made.

It is true that among the charges enumerated in the petition for divorce, is that of abandonment; but it is manifest from an examination of the record in that case that the judgment was in no way founded on that cause, or that abandonment formed any factor whatever in the entire proceeding. Abandonment in the first place is no legal cause or ground of divorce. In the next place, to make it effective, even as a cause of separation from bed and board, it must be established by the mode prescribed by the Code; that is, by the summonses and interlocutory orders directed by the Code; Art. 1451; Perkins vs. Potts, 8 Ann. 14; Bienvenu vs. Buisson, 14 Ann. 387; Merrill vs. Flint, 28 Ann. 195.

In the entire proceedings in this case we find nothing of the kind, so that the divorce was undoubtedly granted on account of the cruelty and excesses charged.

Besides, the pretense of abandonment by the wife was predicated upon a dictum of the law that had not the slightest bearing on the facts of the case. That dictum is that the domicile of the husband is or becomes the domicile of the wife. The only matrimonial domicile the parties ever had was in France, where they lived together for a time after their marriage. This domicile the husband abandoned, and is next found in this country dwelling with his concubine, and hiding from his lawful spouse, who is in utter ignorance of his whereabouts.

It would do violence to the plainest principle of common sense and common justice to call this residence of the guilty husband, where the wife is forbidden to come, or of which she knows nothing, the domicile of the wife.

The true meaning of this aphorism, touching the domicile of the wife being that of her husband, is that the domicile of the wife is the

domicile that the husband has at his marriage, or provides after marriage for himself and his wife, and which, though he may change at pleasure, it must be one to which the wife is taken or invited, or at least of which she knows, and to which she may go and stay at her will.

The divorce suit in question was in fact a fraud on the very law invoked to justify its institution and to support the judgment which follows it.

Concluding, therefore, that the wife was never cited and that the judgment was, in law, rendered without citation, of course, it was an absolute nullity and the marriage with legal effects remained intact, unimpaired and unaffected by the vain proceeding directed against it. The judgment dissolving it being thus void on the very face of the proceeding, could not, of course, be protected by prescription, which is pleaded against the action to annul it.

Judgment affirmed.

Poché, J., concurs in the decree.