PROVOSTY, J.
Plaintiff and defendant, being minors, living with their parents in New Orleans, were secretly married. Two weeks thereafter the marriage became known to their parents, and plaintiff went to live with defendant at the house of his parents. Three weeks thereafter defendant took plaintiff back to the house of her parents, and left her there. A few days afterwards defendant called, and demanded that plaintiff return to him the engagement ring and some other jewelry he had given her. He then, without further notice to plaintiff, went to California, and is now supposed to be enlisted in the navy. Plaintiff, alleging and proving her own conduct to have been irreproachable, sues for a separation from bed and board on the ground of abandonment, the xiroceedings being conducted contradictorily with a curator ad hoc.
The house of defendant’s parents was the matrimonial domicile of plaintiff and defendant only so long as defendant lived there and invited plaintiff to remain there with him. It ceased to be such when he took plaintiff to the house of her parents with a view to her staying there, and without further notice to her left the country for an indefinite period.
The case cannot be distinguished from that of McLean v. Janin, 45 La. Ann. 664, 12 South. 747, where the court held that the *38 domicile of the husband is that of the wife only when the husband provides a domicile where the wife may go and stay at her will.
It is therefore ordered, adjudged, and decreed that, except in so far as it fixes the fee of the curator ad hoc and orders same to be paid as part of the costs, the judgment appealed from be set aside, and that plaintiff, Marie Louise Nixon, have judgment decreeing a separation from bed and board between her and her husband, John Herbert Nixon, and that defendant pay costs.