(79 South. 832)

No. 23166.

GEORGE v. GEORGE et al.

In re GEORGE.

(June 29, 1918. Rehearing Denied Nov. 4, 1918.)

*(Syllabus by the Court.)*

1. DIVORCE ⬦⇒63 — SEPARATION FROM BED AND BOARD—MARRIED WOMAN'S SEPARATE DOMICILE—MATRIMONIAL DOMICILE—JURISDICTION.

A married woman may lawfully acquire a separate domicile, when the misconduct of her husband compels her to leave him, or when he abandons her; and, when she does so, there is no longer a matrimonial domicile, the courts of which possess exclusive jurisdiction of the res, or marital status, but the courts of the domiciles established by the parties, respectively, are vested with such jurisdiction.

2. DOMICILE ⬦⇒4(1)—CONTINUANCE.

Unless otherwise provided by law, a domicile once established is retained until another is acquired.

*(Additional Syllabus by Editorial Staff.)*

3. DIVORCE ⬦⇒124 — SEPARATION FROM BED AND BOARD — JURISDICTION — DOMICILE OF PARTIES—EVIDENCE.

In a wife's action for divorce, etc., evidence *held* to sustain the trial court's finding that defendant, who excepted to jurisdiction, had not shown his acquisition of a domicile elsewhere than in the city of New Orleans.

Suit for divorce by Mrs. Mae E. George against Charles E. George and another. Ex-

ceptions to jurisdiction and to want of parties overruled, and named defendant applies for certiorari and prohibition. Application denied, and proceeding dismissed.

J. B. Rosser, Jr., of New Orleans, for applicant. R. H. Marr, of New Orleans, for respondent.

MONROE, C. J. It appears from the application and returns herein that, in May, 1917, relator brought, in the civil district court, the suit under the title of which this proceeding is taken, alleging, in substance, that in 1898 she was married, in Chicago, to the defendant C. E. George, and that the marriage has never been dissolved; that on November 6, 1912, defendant, nevertheless, in Milwaukee, Wis., married one Selma Klein, and has lived with her since that time; that he is now, and for a number of years has been, a resident of this city; and that petitioner is entitled to a judgment decreeing null his bigamous marriage and divorcing him from petitioner. Wherefore, she prays for citation of said George and Klein and for judgment as thus indicated. Defendant George was cited personally, and on June 27, 1917, filed an exception to the jurisdiction of the court, averring, by way of specification:

"That, according to paragraph 1 of plaintiff's petition herein, she alleges that, on November 1, 1898, she was married, at the city of Chicago, Ill., to your exceptor, and, accordingly, this being an action for divorce, and the matrimonial domicile being, as alleged, in the city of Chicago, Ill., this honorable court has no jurisdiction, ratione materiæ nor ratione personæ, to try and determine this cause."

On October 19, 1917, he filed another exception, alleging that Selma Klein is a necessary party to the suit and has not been cited; and, "with full reservation of his plea to the jurisdiction," filed a plea of lis pendens, based upon the pendency of a suit in New York. Thereafter, a supplemental petition was filed, alleging that the defendant Klein was in New Orleans when the suit was instituted, but had subsequently left the state, and praying that a curator ad hoc be appointed to represent her, which was done; but the appointment was subsequently revoked (thereby practically eliminating her from the case), the exceptions were then overruled, and the defendant George presented to this court the application for certiorari and prohibition that we are now considering.

[1] The learned counsel for defendant seems to base his attack on the jurisdiction of the Louisiana court upon the theory that the matrimonial domicile is necessarily and permanently established, by the marriage, at the place of the marriage; that the res, or matrimonial status, is an inseparable unit, the situs of which is the matrimonial domicile; and that only the court within the territorial jurisdiction of which the res is found can exercise jurisdiction with respect to it. But that theory is not sustained by the authorities. A marriage in a particular place, merely of itself, no more establishes a matrimonial domicile there than it establishes personal domiciles for the individuals who enter into the marital relation. The res, or marital status, does not always remain a unit—far from it. And the courts of the different states have, each, jurisdiction to determine the marital status of all persons lawfully domiciled within their borders. Primarily, the domicile of the wife follows that of the husband, and the domicile of the husband is, therefore the matrimonial domicile, from the beginning of the marriage until, for some reason which the law recognizes, it ceases to be so.

"The exception" (to the rule that a married woman has no other domicile, and can acquire no other, than that of her husband) "arises whenever it becomes necessary and proper that the wife should acquire a separate domicile, as, when the misconduct of the husband compels her to leave him, or, when he abandons her." Stevens v. Allen, 139 La. 663, 71 South. 936, L. R. A. 1916E, 1115.

In the instant case, the defendant George, as we understand the situation, admits that

he and plaintiff lived together as husband and wife, but alleges that she refused to marry him, and further admits that at present he and the defendant Klein are living together as husband and wife, and alleges that they are lawfully married, and whether that is true, or otherwise is to be determined in the pending suit; but, whether true or false, it is evidently necessary and proper that plaintiff should have a separate domicile, and, it being shown that she has, it follows that, as between her and George, there is no matrimonial domicile, and that the court in which he has his domicile is vested with jurisdiction of any suit affecting their common marital status that she may bring against him, so that, if he was domiciled in New Orleans, when cited herein, the pending suit was properly brought, and, upon the other hand, if she was domiciled in New York, when he was cited in the suit there pending, it may very well be held that that suit was also properly brought.

[2, 3] Upon the question of his domicile, defendant is shown to have made an affidavit, on April 19, 1916, for the purposes of the jurisdiction of the New York court, which reads, in part:

" *   *   * Charles E. George, who, being duly sworn, deposes and says that he is a citizen of the state of Louisiana and domiciled in the city of New Orleans and doing business therein; *   *   * that, at the time when service of process in this cause upon defendant was made, he was then, and had been for three years previously, a citizen of this state" (the affidavit having been made in New Orleans) "and domiciled in the city of New Orleans, *   *   * and the service of said process was made upon him while he was temporarily sojourning in New York," etc.

On the trial of the exception in this case, defendant testified that, when served with process herein, he was temporarily sojourning in New Orleans, but there is other evidence on that subject (including a letter, written at New Orleans on the day preceding that upon which the service of process in question was made) considering which, we conclude, with the trial judge, that defendant has not shown that he has acquired a domicile elsewhere since he made affidavit that he was domiciled here; and, unless it is otherwise provided by law, a domicile once established is retained until another is acquired.

It is therefore ordered that relator's application be denied, and this proceeding dismissed, at his cost.