(79 South. 873)

No. 22615.

Succession of LASSEIGNE.

(Nov. 4, 1918.)

*(Syllabus by Editorial Staff.)*

EXECUTORS AND ADMINISTRATORS ☞10—JURISDICTION—DOMICILE OF DECEASED.

Where a husband abandons his wife, and goes and resides with another woman, the wife cannot follow him, and her domicile does not follow his, notwithstanding Civ. Code, arts. 39, 120, and at her death at husband's former residence she would be domiciled there in respect to jurisdiction over her succession.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

In the matter of the succession of Mrs. Floriska Lasseigne, wife of Francois P. Lions. Petition by Francois P. Lions to be appointed administrator, opposed by the heirs of the deceased, was denied, his demand dismissed, and he appeals. Affirmed.

Alfred D. Danziger, of New Orleans (Percival H. Stern, of New Orleans, of counsel), for appellant.

J. V. Chenet, of Garyville, for appellees.

LECHE, J. Francois P. Lions and his wife, Floriska Lasseigne, resided for many years in the parish of St. John the Baptist, where they reared a family of five children, all of whom have attained the age of majority. Some eight or nine years before the institution of the present proceedings, Lions abandoned the matrimonial domicile in St. John and went to New Orleans, where, as indicated by the evidence, he has since resided with another woman. His wife remained in St. John, where she died in January, 1916. Her succession was opened in that parish, and her five children were put in possession of her estate. Some time afterward, in March, 1916, Lions petitioned the civil district court for the parish of Orleans to be appointed administrator of his wife's succession, and the heirs of Mrs. Lions intervened, opposed the reopening of the succession, and prayed for the refusal and dismissal of their father's application. The trial judge, being of the opinion that the succession proceedings had in St. John parish could not thus be ignored, and that they should be presumed to be regular and valid until set aside in a direct ac-

tion, denied Lions' application and dismissed his demand, with costs.

The present appeal was taken by Lions, who contends that the judgment of the district court for St. John parish is an absolute nullity, for the reason that Mrs. Lions' legal domicile was, at the time of her death, in New Orleans, and that court was without jurisdiction ratione materiæ.

The sole matter to be decided here is whether the district court for the parish of St. John had jurisdiction over the succession of Mrs. Lions. Believing that it had such jurisdiction, there is then no necessity of our expressing any opinion, in the event that court had no jurisdiction, whether its judgment would have been absolutely or merely relatively null. Nor is there any necessity of our deciding, where the residence of a deceased person was in one parish and his legal domicile in another, whether the court of his residence or the court of his domicile has jurisdiction over the settlement of his succession, a distinction which seems to·be justified by the terms of article 929, C. P., and which this court recognized in Oglesby v. Turner, 127 La. 1094, 54 South. 400, for we believe that Mrs. Lions' domicile, as well as her residence, was in St. John parish.

According to article 39, C. C., a married woman has no other domicile than that of her husband. The reason of the rule is founded on good morals; the wife is bound to live with her husband, and to follow him wherever he chooses to reside. Article 120, C. C. But where the husband abandons her, and chooses to go and reside with another consort, the reason for the rule disappears. The wife cannot follow him, and to hold that her domicile is in a place where good morals prevent her from residing would be to sacrifice the purpose of the rule in order to adhere to its words.

Most appropriate is what we said in Champon v. Champon, 40 La. Ann. 31, 3 South. 399:

"It would do violence to the plainest principle of common sense and common justice to call this residence of the guilty husband, where the wife is forbidden to come, or of which she knows nothing, the domicile of the wife."

The judgment appealed from is affirmed.

PROVOSTY, J., absent on account of illness, takes no part.