(93 South. 246)

No. 23519.

PANE v. PANE.

(May 22, 1922. Rehearing Denied by Division A June 22, 1922.)

*(Syllabus by Editorial Staff.)*

1. Divorce ⬨161—Evidence held to show suit on ground of abandonment not brought in good faith.

Evidence, on a motion for a new trial of a suit for separation, brought by the wife on the ground of abandonment, in which judgment was obtained on service on a curator ad hoc, *held* to show that the suit was not filed in good faith and that plaintiff had abandoned her husband, instead of the husband abandoning her.

2. Husband and wife ⬨3(1)—Husband held entitled to select family domicile.

Under Rev. Civ. Code, art. 120, the husband, as head and master of the community and head of the family and charged with the duty of making the living for the family, has the right to select the domicile, and the wife has no other domicile than the one selected by him.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Suit for separation by Lena G. Pane against Joseph Pane. From a judgment for plaintiff, defendant appeals. Judgment set aside and case remanded.

George Montgomery, of New Orleans, for appellant.

J. Arthur Charbonnet and F. G. Veith, both of New Orleans, for appellee.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

DAWKINS, J. Plaintiff sued her husband for separation from bed and board on the ground of abandonment, alleging that, according to her information and belief, he was a resident of the state of Texas. A curator ad hoc was appointed, who answered seven days thereafter, pleading a general denial. The three monthly summonses to return to the matrimonial domicile were served upon the curator, and on January 18, 1918 (the suit having been filed July 9, 1917), a preliminary judgment was signed, ordering defendant to return. Copies of this judgment were also served upon the curator three times from month to month, the last on September 16, 1918.

On February 19, 1919, defendant appeared through counsel other than the curator ad hoc, and, alleging that judgment had been rendered in favor of plaintiff February 3d of the same year, moved for a new trial. He alleged that plaintiff did know his address, as would appear from her letters to him written during the pendency of the suit, which were attached to the motion, and that

the letters disclosed, instead of defendant abandoning her, she had abandoned him. The motion was tried and overruled on March 17, 1919, and judgment was signed on the same day.

Defendant appeals.

## Opinion.

[1] The letters attached to the motion for a new trial were all written before the suit was filed, the first on December 19, 1916, the second on January 20, 1917, and the third on January 30, 1917; whereas, the suit, in which she alleged she did not know his whereabouts, was filed, as before stated, on July 9th of the latter year. These letters disclose that, during the time they were written, the relations between the spouses were amicable and friendly, and are in great part devoted to giving excuses for not going to live with defendant at Rusk, Tex., where he was employed, and to begging him to come to New Orleans to live.

On the trial of the motion for a new trial, counsel for defendant called plaintiff to the witness stand, and from her testimony it appeared that the parties had once lived together in Rusk; that they came back to New Orleans for a while, and that he again returned to Texas, where he obtained employment; that she was expected to follow, but first gave as an excuse for not doing so that she was sick, but she finally admitted in her letters, as well as on the stand, that she did not want to live anywhere but in New Orleans. As a witness, she attempted to inject into the case the idea that he was cruel to her, though this was not pleaded,

152 La.—14

and no such condition is indicated by her letters, since the writing of the last of which she has not seen him. She admitted he was willing to receive her, but she was not willing to live with him. She also admitted that he had sent her a ticket to come to him, and she subsequently got him to agree to let her sell it and use the money on the claim that she was sick. She further admitted that she refused to answer any more of his letters.

Therefore the evidence on the motion for new trial indicates very strongly that the suit was not filed by plaintiff in good faith, and that she has abandoned her husband instead of his leaving her, within the sense of the law.

[2] The husband has the right, being the head and master of the community and head of the family, charged with the duty of making the living, to select the domicile at such place as this can best be done, and it is the duty of the wife to accompany him; in fact, she has no other domicile than the one selected by him. R. C. C. 120.

We are convinced that, under the circumstances, the ends of justice can best be served by remanding this case and directing new trial.

For the reasons assigned, the judgment appealed from is set aside, and this case is remanded, to be proceeded with according to law and the views herein expressed, the plaintiff to pay costs of this appeal, and all other costs to await final judgment.

Rehearing refused by Division A, composed of Chief Justice PROVOSTY, and Justices OVERTON and LECHE.