171 So. 49

**McGEE v. GASERY.**

No. 33985.

Nov. 4, 1936.

Rehearing Denied Nov. 30, 1936.

Charles J. Mundy, of New Orleans, for John McGee, relator.

ODOM, Justice.

John McGee brought suit in the Twenty-Fourth judicial district court for the parish of Jefferson against his wife, Emily Gasery, for divorce and to obtain custody of his minor child, issue of the marriage. Defendant was personally cited in Jefferson parish, but made no appearance within the delays allowed by law.

After the delays for answering had expired, counsel for plaintiff moved for a preliminary default. The district judge refused to entertain the motion, and plaintiff applied to this court for writs of certiorari and mandamus, which were granted.

In obedience to the writ of certiorari, the district judge sent up to this court the record in the case and made answer in which he says, in substance, that he refused to entertain the motion for a preliminary default for the reason that the petition itself disclosed that his court had no jurisdiction.

Plaintiff alleged in his petition for divorce that he and the defendant were married in the parish of Saint Bernard on January 24, 1908, and that thereafter he and his wife established their matrimonial domicile in the parish of Orleans, where

they lived together as husband and wife until October 23, 1935, when his wife "left the said matrimonial domicile and established her own separate domicile in the Parish of Jefferson, where she has resided ever since."

It is further alleged by plaintiff that his wife was, at the time suit was filed, and had been ever since she abandoned him in the parish of Orleans on October 23, 1935, living in open adultery in the parish of Jefferson with a man named Arthur Conway. He prayed for judgment of divorce and custody of the minor child, issue of the marriage.

The first question presented is whether, under the allegations of plaintiff's petition, which is all that the judge had before him, the district court of Jefferson parish has jurisdiction.

Our opinion is that it has not. The petition shows that this husband and wife had their matrimonial domicile in the parish of Orleans, where the wife abandoned her husband, who still resides there. Article 39 of the Civil Code, which is found under the general heading, "Of Domicile and the Manner of Changing the Same," says that "a married woman has no other domicile than that of her husband." And article 120, speaking of the respective rights and duties of married persons, says that "the wife is bound to live with her husband and to follow him wherever he may choose to reside."

This court has consistently adhered to these codal provisions. Stevens v. Allen, 139 La. 658, 71 So. 936, L.R.A.1916E, 1115, opinion on rehearing, beginning on page 661 of the Louisiana Report, on page 937 of 71 So. Many cases are cited by the court in its opinion on rehearing in support of the general rule.

In the case of Laiche v. His Wife, 156 La. 165, 100 So. 292, 293, the husband filed suit against his wife in the parish of Orleans for a judgment of separation a mensa et thoro, on the ground of abandonment. The wife excepted to the jurisdiction of the Civil District Court for the Parish of Orleans on the ground of defendant's averment that she had retained a separate domicile in the parish of Saint James, where the matrimonial domicile was originally established. In support of her plea to the jurisdiction the wife introduced in evidence the testimony of five witnesses taken under commission showing that she and her husband were married in the parish of Saint James, where they lived together until the year 1918, and that in January, 1919, her husband went to the city of New Orleans, where he resided for a year before filing the suit.

The trial judge sustained exception to the jurisdiction and the case came to this court on appeal, where the judgment was reversed, this court saying in the course of its opinion:

"It is not disputed that plaintiff [the husband] has established his residence and domicile in New Orleans. It is conceded, or must be conceded, that he is subject to the jurisdiction of the court in which he has brought this suit. And, while the marriage lasts, she is subject to the jurisdiction of the same court. A married

woman has no other domicile than that of her husband. Rev.Civ.Code, art. 39. She must go wherever he goes to reside. Rev. Civ.Code. art. 120."

It is perfectly clear that, according to plaintiff's own allegations and the law applicable, the domicile of his wife was in the parish of Orleans and not in the parish of Jefferson at the time the suit was filed. Therefore, the district court of the parish of Jefferson had no jurisdiction ratione materiæ.

We do not mean to convey the impression that we think that a wife may not, under some circumstances, establish a separate domicile from that of her husband. This court has repeatedly recognized her right to do so under circumstances disclosed in the opinions. Stevens v. Allen, supra; Smith v. Smith, 43 La.Ann. 1140, 10 So. 248; Lepenser v. Griffin, 146 La. 584, 83 So. 839; Cuny v. Cuny, 146 La. 711, 83 So. 906.

While counsel for plaintiff has cited no cases, in fact has filed no brief, in support of his theory that the district court of Jefferson parish has jurisdiction in this case, presumably he relies upon the doctrine announced in the last above-cited cases, that a wife may under some circumstances establish a domicile separate from that of her husband.

But those cases have no application here for the reason that according to plaintiff's petition, which is all we have before us, the wife had no cause whatever for leaving the matrimonial domicile in New Orleans. In fact, the petition shows, and the allegations therein are sworn to by the plaintiff, that the wife was wholly at fault.

Under such circumstances she can acquire no domicile in Jefferson parish or elsewhere so long as her husband continues to reside in New Orleans. The Civil District Court of the Parish of Orleans is the only forum in which either of these parties may bring a suit to dissolve the bonds of matrimony existing between them or for a separation from bed and board, because there is where the matrimonial domicile was established, there is where it was at the time this suit was filed, the husband still residing there.

The next question is whether the refusal of the district judge to entertain the motion of plaintiff for a preliminary default was correct under the law.

█ We think it was. In suits for divorce or for separation a mensa et thoro, the competency or power of the judge to pass upon the issues involved "pertains to the jurisdiction of the court ratione materiæ rather than ratione personæ." Mann v. Mann, 170 La. 958, 967, 129 So. 543, 546. In Hockaday v. Hockaday, 182 La. 88, 161 So. 164, it was said that the court where the suit was filed was without jurisdiction ratione materiæ to try it.

█ The jurisdiction being ratione materiæ, the district judge not only had the right but was bound to notice his lack of it ex officio. In Kerr v. Kerr et al., 14 La. 177, the court said: "No plea to the jurisdiction was made by the defendants, but the want of jurisdiction in this case being ratione materiæ, no consent could give it, and the judge was bound to notice it ex officio." The case of Greiner v. Theilan, Sheriff, 6 Rob. 365, is to the same effect.

The following quotation from 11 Cyc., p. 701, is in point:

"The Court may of its own motion, even though the question is not raised by the pleadings or is not suggested by counsel, recognize the want of jurisdiction, and it is its duty to act accordingly by staying proceedings, dismissing the action, or otherwise noticing the defect, unless the petition be reformed where it can be done."

In support of this text, the following Louisiana cases are cited: Fabacher v. Bryant, 46 La.Ann. 820, 15 So. 181; Fleming v. Hiligsberg, 11 Rob. 77; Dupey v. Greffin's Ex'r, 1 Mart.(N.S.) 198; Greiner v. Thielen, supra.

It is settled beyond question that the Supreme Court of its own motion takes notice of its want of jurisdiction and dismisses appeals where it has none. See numerous authorities cited under title 2, part 2 (article 877 et seq.), relating to proceedings in the Supreme Court of the state, in Dart's and Marr's Annotated Revised Code of Practice.

For the reasons assigned, the writs heretofore issued in this case are recalled, and plaintiff's application is dismissed at his costs.