17 So.2d 253
**BRUNO v. MAURO.**
No. 37352.
Feb. 7, 1944.

Parker, Seale & Kelton, of Baton Rouge, and Sam A. LeBlanc, Jr., of Donaldsonville, for applicant.

Sidney A. Marchand, of Donaldsonville, for plaintiff and respondent.

FOURNET, Justice.

The relatrix, Katherine Mauro, against whom a suit for divorce on the ground of adultery had been instituted by her husband (the respondent, Jim Bruno) in the Twenty-Third Judicial District Court for the parish of Ascension, invoking the supervisory jurisdiction of this court when the lower court overruled her exceptions to the court's jurisdiction rationae personae and materiae, secured a writ of certiorari to the end that the validity of the proceedings might be ascertained and, pending our determination of the matter, we issued an order staying the proceedings in the lower court.

■ Unless a husband abandon his wife or by reason of his misconduct force her to acquire a separate domicile, "a married woman has no other domicile, and can acquire no other, than that of her husband, and is bound to follow and live with him wherever he may choose to reside." Stevens v. Allen, 139 La. 658, 71 So. 936, 937, L.R.A. 1916E, 1115. See, also, Articles 39 and 120 of the Revised Civil Code; Pane v. Pane, 152 La. 415, 93 So. 246; Laiche v. His Wife, 156 La. 165, 100 So. 292; Switzer v. Elmer, 172 La. 850, 135 So. 608; McGee v. Gasery, 185 La. 839, 171 So. 49; and Plitt v. Plitt, 190 La. 59, 181 So. 857.

In the Plitt case the husband and wife, married in Baton Rouge, Louisiana, had

there established their first matrimonial domicile in this state, later moving to Lake Charles, and thence to Atlanta, Georgia. Under these facts the court held that the matrimonial domicile in Baton Rouge, where the husband's suit was instituted, was abandoned upon the acquisition of the matrimonial domicile in Lake Charles, and that that domicile, likewise, had been abandoned when the matrimonial domicile was established in Atlanta, Georgia. Consequently, the court of East Baton Rouge parish was held to be without jurisdiction to entertain the suit.

■ In the instant case, the respondent, Jim Bruno, and his wife, the relatrix, Katherine Mauro, were married at Independence, Louisiana, in Tangipahoa parish, in the 1930's and established their matrimonial domicile in Gonzales, Louisiana, Ascension parish, living first with the husband's people and later on a farm purchased by him. They separated on December 17, 1941, the relatrix moving to Baton Rouge. When, despite importuning on the part of the respondent, the relatrix refused to return to the Gonzales domicile, the respondent agreed to sell his farm and move to Baton Rouge, which he did in July of 1942. Following this reconciliation, the parties lived for a few weeks with the mother of the relatrix, moving their furniture from Gonzales into a rented home of their own when the respondent secured employment in Baton Rouge, living there together for a month or two before the second separation. This suit was instituted on September 15, 1943, more than a year following the separation, but the respondent was still employed and

living in Baton Rouge, although he visited his parents on week-ends in Gonzales. The relatrix and the respondent both testified when the exceptions to the jurisdiction of the Twenty-Third Judicial District Court were tried, and, in our opinion, their testimony unmistakably shows that the respondent had abandoned the matrimonial domicile previously established in Ascension parish and had established a new matrimonial domicile in Baton Rouge, parish of East Baton Rouge, under the jurisdiction of the Nineteenth Judicial District Court. Consequently, the court in Ascension parish was without jurisdiction to try the case. Plitt v. Plitt, supra.

The fact that the respondent had lived in Ascension parish from 1919 until he moved to Baton Rouge in the summer of 1942 and had voted in that parish from the time he reached the age of 21 (including the 1942 elections) and that his wife had never voted in any other place than Ascension parish, does not alter the situation, for, under the express provisions of the election laws of this state, an elector who has moved from his place of domicile to a new domicile is not deprived of his right to vote at his old domicile until sufficient time has elapsed to permit him to vote at his new domicile. Section 2624 of Dart's General Statutes, Act No. 122 of 1921, Ex Sess., § 10 as amended by Act No. 200 of 1932, § 1.

For the reasons assigned, it is ordered, adjudged, and decreed that the exceptions of the relatrix to the jurisdiction of the Twenty-Third Judicial District Court rationae personae and materiae be maintained and the respondent's suit dismissed. All costs of this proceeding are to be borne by the respondent.