HAWTHORNE, Justice.
 

 On application of relator, Wilson Hymel, this court granted writs to review a judgment of the Civil District Court for the Parish of Orleans, Division “B,” overruling his exception to the jurisdiction of that court ratione personae and ratione materiae
 

 Respondent, Mrs. Irene Thibodaux Hymel, instituted suit for separation from bed and board in the Civil District Court for the Parish of Orleans on April 15, 1948. In her petition she alleged that she was a resident of Orleans Parish; that she was married to relator on March
 
 7,
 
 1930, at St. Martinville, Louisiana, and that they thereafter established the matrimonial domicile in Darrow in Ascension Parish, Louisiana, and lived together there until about July 19, 1947; that on this date, due to the cruel treatment of her husband, she left the matrimonial domicile and went to the home of her'sister in New Orleans, where she had resided ever since. Citation issued, and in' due course domiciliary service was had on the defendant at his domicile in Ascension Parish.
 

 To plaintiff-respondent’s suit defendant-relator filed an exception to the jurisdiction of the Orleans Parish district court ratione personae and ratione materiae. The district judge sustained this exception and dismissed plaintiff’s suit. On respondent’s application a rehearing was granted, and the district court reversed its previous ruling and overruled the exception to the jurisdiction. Relator then applied to this court for writs, which were granted, and the matter is now before us under our supervisory jurisdiction.
 

 In her motion for rehearing, plaintiff-respondent asserted that the district court overlooked the fact that it was the conduct of the defendant-relator which forced plaintiff to leave the matrimonial domicile, and contended that because of this fact she brought sufficient of the res to Orleans Parish with her to enable that court to assume jurisdiction of her marital status.
 

 In support of her motion, she alleged that on May 22 (over 30 days after her suit was instituted) she returned to Darrow in Ascension Parish to see her children and while there was assaulted, beaten, and injured by her husband. She contended that, under these circumstances, she came within the exception to the rule that a married woman has no other domicile except that of her husband, the exception permitting a wife to acquire a separate domicile whenever it becomes necessary and proper that the wife should acquire a separate domicile,
 
 *349
 
 as when the misconduct of the husband compels her to leave him or when he abandons her; that she had a legal domicile as well as a residence in Orleans Parish when the suit was filed, and that she toojk with her to that parish the “res” or “thing” constituting the marital relationship, and that therefore the court of Orleans Parish acquired jurisdiction of said marital status regardless of the residence of the defendant. • •
 

 We note that in plaintiff’s petition filed in the lower court she did not allege that she had established a bona fide separate ■domicile or residence in the Parish of Orleans due to the misconduct of her husband, the first allegation of this nature appearing in her motion for a rehearing based on facts alleged to have occurred' subsequent to the date of the filing of the suit. Such pleading, in our opinion, would not be a proper foundation for application of the exception to the rule of domicile upon which respondent relies to establish jurisdiction. However, we choose to rest the decision on what we consider a sounder basis.
 

 Since the defendant in the instant ■case is a resident of the Parish of Ascension, the exception to the jurisdiction filed by him should have been sustained under the general rule that. in all civil matters ■one must be sued before his own judge— that is to say, before the judge of the place where he has his domicile or residence— and shall not be permitted to elect any other domicile for the purpose of being sued. Article 162, Code of Practice. Furthermore, according to the allegations of the petition, the matrimonial domicile of these parties was in Ascension Parish and the cause of action arose there; therefore, the court of that parish would have jurisdiction in the instant case.
 

 To accept plaintiff’s contention would be tantamount to saying that, in many divorce or separation proceedings where both parties reside in this state and the cause of action arises herein, the wife instituting such suit could select or choose the jurisdiction in which to maintain her action. We have been unable to find any case in our jurisprudence holding that the wife can acquire a separate residence or domicile for the purpose of instituting suit for separation from bed and board or for divorce when both are residents of this state, when the matrimonial domicile is. located in the state> and when the cause of action arises herein; nor did the trial court cite to us any in support of its ruling, and no case decisive of the issue here presented has been cited or called to our attention in brief filed by respondent.
 

 For the reasons assigned, the writs issued herein are made peremptory, and it is ordered that the exception to the jurisdiction filed by relator be, and the same is hereby, sustained, and respondent’s suit dismissed at her costs.