95 So.2d 298

Douglas R. BUSH

v.

Lorraine Maxey BUSH.

No. 43032.

April 1, 1957.

Rehearing Denied May 6, 1957.

Pickett & Pickett, J. S. Pickett, Many, for plaintiff-appellant.

Durham & Haylon, George J. Haylon, New Orleans, for defendant-appellee.

HAMITER, Justice.

Douglas R. Bush, a resident of Sabine Parish, instituted this action in the district court of that parish against his wife, Mrs. Lorraine Maxey Bush, to obtain a divorce and the custody of their minor child, he charging adultery on the part of the defendant. The latter excepted to the court's jurisdiction ratione personae. The exception, after a trial thereof, was sustained and the suit dismissed. This appeal followed.

Plaintiff complains first of the judge's permitting defendant to introduce evidence, over objections, showing her domicile to be in a parish other than Sabine in which he resides. We find no merit in this complaint. The exception alleged that defendant is a resident of the Parish of Orleans. In proof of that fact, as well as of her right to be so domiciled, the evidence was relevant and admissible.

Next, plaintiff assigns error to the court's sustaining the exception to the jurisdiction ratione personae, he directing particular attention to provisions of the Revised Civil Code that "The wife is bound to live with her husband and to follow him wherever he chooses to reside * * *" (Article 120) and "A married woman has no other domicile than that of her husband * * *" (Article 39).

Unquestionably, these provisions, which presuppose that the husband will

maintain a residence to which the wife can in good conscience go and is welcomed (Revised Civil Code Article 120, partially quoted supra, also provides that "the husband is obliged to receive her and to furnish her with whatever is required for the convenience of life"), state the general rule which has often been recognized by this court. Stevens v. Allen, 139 La. 658, 71 So. 936, L.R.A.1916E, 1115; Pane v. Pane, 152 La. 415, 93 So. 246; McGee v. Gasery, 185 La. 839, 171 So. 49; Bruno v. Mauro, 205 La. 209, 17 So.2d 253. But an exception to the rule, many times also recognized in our jurisprudence, is that a wife is authorized to acquire a separate domicile for herself where she is abandoned or is compelled by reason of ill treatment to leave her husband. Smith v. Smith, 43 La.Ann. 1140, 10 So. 248; Stevens v. Allen, supra; State v. Fick, 140 La. 1063, 74 So. 554; George v. George, 143 La. 1032, 79 So. 832; Succession of Lasseigne, 143 La. 1095, 79 So. 873; Lepenser v. Griffin, 146 La. 584, 83 So. 839; McGee v. Gasery, supra; Zinko v. Zinko, 204 La. 478, 15 So. 2d 859; Bruno v. Mauro, supra; and Juneau v. Juneau, 227 La. 921, 80 So.2d 864.

■ With further reference to such general rule and the exception thereto the following observations of this court are pertinent: "The marital obligation imposed by article 120 of the Civil Code, that the wife is bound to live with her husband and to follow him wherever he chooses to reside, must be construed with reference to the obligations of the husband, and with reference to the right of the wife to put an end to the matrimonial relation for any one of the causes specified in article 138 of the Code." Cuny v. Cuny, 146 La. 711, 83 So. 906, 907. (See also Champon v. Champon, 40 La.Ann. 28, 3 So. 397.) "* * * The reason of the rule is founded on good morals; * * *. But where the husband abandons her, and chooses to go and reside with another consort, the reason for the rule disappears. The wife cannot follow him, and to hold that her domicile is in a place where good morals prevent her from residing would be to sacrifice the purpose of the rule in order to adhere to its words." Succession of Lasseigne, supra [143 La. 1095, 79 So. 874]. "* * * The aphorism that the domicile of the husband is that of the wife does not express the law accurately. What is meant by the maxim is that, if there be a matrimonial domicile, it is also the domicile of the wife; for, if there be no matrimonial domicile, the husband and wife may have separate domiciles, or be subject each to a separate jurisdiction, ratione personae. * * *" Clark v. Clark, 145 La. 740, 82 So. 875, 876. (See also Wilcox v. Nixon, 115 La. 47, 38 So. 890 and Mann v. Mann, 170 La. 958, 129 So. 543.)

The discussed exception to the general rule is, in our opinion, applicable to the instant cause. The evidence discloses that

the persons involved were married April 8, 1951 in Sabine Parish. After living there for approximately seven months they moved to the Parish of St. Bernard and later to the Parish of Orleans. In the latter parish, which was the location of the last matrimonial domicile, the defendant was compelled to separate from plaintiff, he having committed a battery on her on May 28, 1954 for which he was convicted and given a thirty day jail sentence. On the occurrence of such incident she established a separate residence in the Parish of Orleans which continuously since has been maintained. As the district judge stated: "The wife was so fearful of further rough treatment from her husband that while he was in jail she moved from the apartment where they were living and obtained new quarters in the City of New Orleans and went under an assumed name to prevent her husband from finding her." Plaintiff, on the completion of his sentence, returned to Sabine Parish where he instituted this suit approximately twenty-one months later.

In view of the mentioned ill treatment of the defendant, which clearly justified her leaving plaintiff, we conclude (as the trial judge held) that she had the right to establish and maintain a separate domicile in Orleans Parish. And, in accordance with Code of Practice Article 162 ("* * one must be sued * * * before the judge having jurisdiction over the place where he has his domicil or residence * * *"), she was entitled to be sued at that domicile. Consequently, the district court of Sabine Parish was without jurisdiction ratione personae.

In their brief counsel for plaintiff quote excerpts from McGee v. Gasery and Bruno v. Mauro, both supra, which announced the general rule that a married woman has no other domicile than that of her husband. However, both cases also gave recognition to the aforediscussed exception. Particularly, in the former we said [185 La. 839, 171 So. 50]: "We do not mean to convey the impression that we think that a wife may not, under some circumstances, establish a separate domicile from that of her husband. This court has repeatedly recognized her right to do so under circumstances disclosed in the opinions. * * *"

Counsel for plaintiff also cite and quote from Hymel v. Hymel, 214 La. 346, 37 So. 2d 813. Therein, the wife instituted suit against her husband in a parish in which he was not domiciled and we merely and correctly held that under Code of Practice Article 162 the district court there was without jurisdiction.

Finally, counsel suggest that application of the doctrine respecting the wife's right to establish a separate domicile is restricted to cases (unlike the present one) involving the question of interstate jurisdiction. However, they assign no good reason for

the restriction and we know of none. The doctrine is based solely on good morals and justice; and undoubtedly it should be appropriate, when justifiable circumstances are present, irrespective of whether the jurisdictional question be interstate or intrastate. Incidentally, it is noticed that in McGee v. Gasery, State v. Fick, Succession of Lasseigne and Bruno v. Mauro (all supra), which recognize the existence of the exception to the general rule, the jurisdictional question presented was intrastate.

For the reasons assigned the judgment appealed from is affirmed.