CULPEPPER, Judge.
The plaintiff wife filed a suit for separation from bed and board on the grounds of cruelty. The defendant husband reconvened for separation from bed and board on the grounds of abandonment. Judgment was rendered in favor of the wife. The husband appealed.
The central issue on appeal is whether the evidence supports the wife’s demand for separation on the grounds of cruelty. A resolution of this issue also answers the husband’s contention that the district court lacked venue.
*631 The evidence is in conflict. The wife contends the husband shunned her affections, that for a month before she left he refused to share their bedroom and slept on the sofa, that he had a bad temper, that he made bad investments, that he “fussed” when he learned of her last pregnancy, that he told her he didn’t love her, that he invited to their home people whom she did not like, that he quit wearing his wedding band, and that he was having an affair with his nurse.
On the other hand, the husband contends that his wife did not take care of the children, that she played cards too much, that she had a bad temper and “screamed” at the kids, that she was “cool” to his friends, that she was unresponsive to his affections, and that she was insanely jealous of his office help.
We have carefully reviewed the conflicting testimony. In cases of this type, much weight must be given to the finding of fact by the trial judge who saw and heard the witnesses. He concluded the wife was entitled to a judgment of separation on the grounds of cruelty. We find no manifest error in this holding.
We will now discuss the question of venue. LSA-C.C.P. Article 3941 provides in pertinent part that an action for separation from bed and board “shall be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile. The venue provided in this article may not be waived and a judgment rendered in any of these actions by a court of improper venue is an absolute nullity.”
The husband did not file an exception to the venue or jurisdiction of the court. However, he contends on appeal that under Article 3941 the required venue cannot be waived and that the record as a whole shows the court did not have venue.
The record shows that the last matrimonial domicile was in the Parish of Terrebonne where the parties lived together with their five young children until May 28, 1970. On that day, the wife moved with the children to Lafayette Parish, where she filed the present suit the following day, May 29, 1970. The husband relies on LSA-C.C. Articles 39 and 120, which state the rule that a married woman can have no other domicile than that of her husband. The plaintiff wife relies on jurisprudence construing these articles to mean that a wife can leave her husband and establish a separate domicile where she is compelled to do so by reason of his cruelty, Bush v. Bush, 232 La. 747, 95 So.2d 298 (1957). Having already found the husband’s cruelty justified the wife in leaving him, it follows that she could establish a separate domicile.
The husband makes an additional argument that even though no exception to venue was filed in the district court, that court should have first determined whether it had venue before proceeding to trial on the merits, citing Landry v. Landry, 192 So.2d 237 (La.App., 4th Cir. 1966). The Landry case is distinguished since there ■ an exception to jurisdiction and venue was filed. In the present case where no exception to venue was filed before trial, there was no necessity for the court to consider the issue until after hearing the merits. Of course, the trial judge found the evidence supported the wife’s charges of cruelty, and this showed the court had venue.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.