HALL, Judge.
Plaintiff, Dana Gay Seal Berry, alleging she is domiciled in Bossier Parish, filed suit in the Twenty-Sixth Judicial District Court for Bossier Parish, against her husband, Kenneth Dale Berry, seeking a separation from bed and board on the grounds of cruel treatment. The defendant filed an “Exception to Jurisdiction and Venue” alleging he is domiciled in Natchitoches Parish, the last matrimonial domicile was Natchitoches Parish, and that plaintiff left the matrimonial domicile through no fault of his and, therefore, cannot establish a separate domicile in Bossier Parish. After trial of the exception, it was sustained by the district court which commented that this appeared to be a “Mexican standoff” and that the wife had not sustained the burden of proving by a preponderance of the evidence that she left the matrimonial domicile in Natchitoches Parish for legal cause. Plaintiff’s suit was dismissed and she appealed.
The evidence consists of the rather brief testimony of the plaintiff and the defendant. There is little if any conflict in their testimony which is summarized in the following paragraph.
Plaintiff and defendant were married on June 2, 1973 in Shreveport and established their matrimonial domicile in Natchitoches where they lived together until July 11, 1973, a period of about forty days. After three or four weeks they began to have arguments about sex and other matters. On July 10, they had an argument after receiving a phone call from the lawyer who had handled defendant’s divorce concerning some problem about the validity of the divorce. They also had an argument about her refusal to have sexual relations with him. The defendant drank two beers that night. While in the bedroom together he picked up a loaded shotgun and made some statement about ending it all. There is no evidence he pointed the shotgun at plaintiff or made any direct threat against her. He left the room and remained out of the room for awhile. He then came back into the bedroom and unloaded the gun and said something to the effect that she was not worth it. Defendant was depressed and emotionally upset over their problems. He then went to sleep and 'she left the room, made some coffee and stayed up all night. Plaintiff was fearful for her own life and that of her husband. The next morning defendant asked plaintiff if she wanted to go home, she called her parents, they came and got her and helped her move back to Bossier City. Defendant called her that night and on numerous subsequent occasions asking her to come back.
Under LSA-C.C.P. Art. 3941, an action for separation from bed and board must be brought in a parish where either party is domiciled or in the parish of the last matrimonial domicile. The venue provided in this article may not be waived and a judgment rendered by a court of improper venue is an absolute nullity. ' The venue requirement of this article, therefore, equates to jurisdiction.
*248 LSA-C.C. Art. 39 provides that a married woman has no other domicile than that of her husband and LSA-C.C. Art. 120 provides that the wife is bound to live with her husband and to follow him where-ever he chooses to reside. It is well established, however, that a wife may acquire a domicile separate from that of her husband where she is abandoned or is compelled by reason of ill treatment to leave her husband. Bush v. Bush, 232 La. 747, 95 So.2d 298 (1957); Juneau v. Juneau, 227 La. 921, 80 So.2d 864 (1955); Bruno v. Mauro, 205 La. 209, 17 So.2d 253 (1944); Zinko v. Zinko, 204 La. 478, 15 So.2d 859 (1943); McGee v. Gasery, 185 La. 839, 171 So. 49 (1936); Lepenser v. Griffin, 146 La. 584, 83 So. 839 (1920); Succession of Lasseigne, 143 La. 1095, 79 So. 873 (1918); George v. George, 143 La. 1032, 79 So. 832 (1918); State v. Fick, 140 La. 1063, 74 So. 554 (1917); Stevens v. Allen, 139 La. 658, 71 So. 936 (1916); Smith v. Smith, 43 La.Ann. 1140, 10 So. 248 (1891); Authement v. Authement, 254 So.2d 630 (La.App.3d Cir. 1971); Hickman v. Hickman, 218 So.2d 48 (La.App.3d Cir. 1969); Landry v. Landry, 192 So.2d 237 (La.App.4th Cir. 1966).
The rule and the exception were concisely stated in Landry v. Landry, supra:
“It is too well settled to require citation of authority that a married woman can have no other domicile than that of her husband except in those cases where the husband’s misconduct compels or justifies her in leaving him and establishing a separate domicile elsewhere. Therefore when a wife sues her husband for separation from bed and board in a parish other than his domicile or the last matrimonial domicile she must prove as essential to a valid judgment in her favor that she is domiciled in that parish, and in order to prove her domicile therein it is essential that she prove that she was justified by her husband’s misconduct in leaving him and establishing a separate domicile.”
The narrow issue to be decided is whether under the facts stated above, plaintiff was compelled or justified by her husband’s misconduct in leaving him and establishing a separate domicile. It can be seen from a review of the cases cited above that the type of conduct on the part of the husband which constitutes justification for the wife to establish a separate domicile is substantially equivalent to the type of conduct which constitutes grounds for obtaining a separation from bed and board.
We agree with the conclusion reached by the district court. Plaintiff has failed to bear her burden of proving misconduct or ill treatment on the part of her husband sufficient to justify her leaving the matrimonial domicile and establishing a separate domicile. While an isolated incident can serve as grounds for leaving and grounds for a separation, we do not believe that the incident involved in this case is of such a nature.
The action of the husband in picking up the shotgun and threatening to end it all while in an emotionally upset condition was irresponsible and dangerous conduct and certainly was calculated to produce fear in the mind of the wife. However, viewed as an isolated incident, we do not consider his action such cruel treatment directed toward his wife as would give her grounds for a separation or would justify her establishing a separate domicile.
Able appellate counsel for plaintiff, who did not represent her in the trial court, vigorously argues that if this court concludes the evidence adduced at the trial of the exception is insufficient to constitute grounds for establishing a separate domicile, then the case should be remanded for the taking of further evidence, indicating there is evidence of other acts of cruel treatment. At the trial of the exception, plaintiff was represented by competent counsel, the issue of the husband’s fault was squarely drawn, and the case was tried on that issue. Plaintiff had her day in court. This is not a case where there is insufficient evidence for the appellate court to make a decision—this is simply a *249 case where there is insufficient evidence for the court to make a decision in plaintiff’s favor. We do not consider a remand appropriate.
Counsel for plaintiff-appellant expresses concern about the effect this judgment on the question of venue might have on the issue of fault in another separation suit pending between the parties in Natchi-toches Parish and urges this court to in some way limit the effect of this decision. These matters raised by counsel are not now before this court and our judgment can only deal with the specific issue presented, that is, whether or not the district court judgment sustaining the exception of improper venue is correct. Our holding is that under the limited evidence presented at the hearing on the exception, the judgment is correct.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.