DENNIS, Judge
(dissenting) :
I respectfully dissent.
After the wife left the matrimonial domicile in Lincoln Parish an action was tried in the District Court for that Parish in which the Court found the wife did not have grounds for a separation from bed and board based upon cruel treatment.
This court, in Berry v. Berry, 300 So.2d 246 (2d Cir. 1974) declared:
“LSA-C.C. Art. 39 provides that a married woman has no other domicile than that of her husband and LSA-C.C. Art. 120 provides that the wife is bound to live with her husband and to follow him wherever he chooses to reside. It is well established, however, that a wife may acquire a domicile separate from that of her husband where she is abandoned or is compelled by reason of ill treatment to leave her husband. Bush v. Bush, 232 La. 747, 95 So.2d 298 (1957); Juneau v. Juneau, 227 La. 921, 80 So.2d 864 (1955); Bruno v. Mauro, 205 La. 209, 17 So.2d 253 (1944); Zinko v. Zinko, 204 La. 478, 15 So.2d 859 (1943); McGee v. Gasery, 185 La. 839, 171 So. 49 (1936); Lepenser v. Griffin, 146 La. 584, 83 So. 839 (1920); Succession of Lasseigne, 143 La. 1095, 79 So. 873 (1918): George v. George, 143 La. 1032, 79 So. 832 (1918); State v. Fick, 140 La. 1063, 74 So. 554 (1917); Stevens v. Allen, 139 La. 658, 71 So. 936 (1916); Smith v. Smith, 43 La.Ann. 1140, 10 So. 248 (1891); Authement v. Authement, 254 So.2d 630 (La.App. 3d Cir. 1971); Hickman v. Hickman, 218 So.2d 48 (La.App. 2d Cir. 1969); Landry v. Landry, 192 So.2d 237 (La.App. 4th Cir. 1966).
‡ ‡ ‡ ‡ ‡ >{<
“ * * * It can be seen from a review of the cases cited above that the type of conduct on the part of the husband which constitutes justification for the wife to establish a separate domicile is substantially equivalent to the type of conduct which constitutes grounds for obtaining a separation from bed and board.” Id. p. 248.
Since the wife did not prove that she had been abandoned or compelled by reason of ill treatment to leave her husband at the time she attempted to acquire a domicile separate from him, the holding of the majority today constitutes an unwarranted judicial enlargement of the exception to *630 the codal law. The majority’s view apparently will allow a wife who has left her husband without being compelled by reason of ill treatment, to establish a separate domicile unless he assumes the burden of supporting two abodes and the related expenses of each.
The Carrier case relied on by the District Court, and apparently given recognition by the majority opinion as being analogous to this action, is distinguishable on its facts. In Carrier the husband forced the wife to leave the matrimonial domicile by taking her to her parents’ home in another state and abandoning her there. The mention in the opinion of subsequent nonsupport was not necessary to the decision on jurisdiction and probably was improper.
Furthermore, even if the jurisprudential exception to the code articles is to be extended so as to allow a wife to acquire a domicile separate from that of her husband when he has been guilty of nonsupport commencing after she has left the matrimonial domicile without being compelled by reason of ill treatment, the plaintiff has not proven all of the essential elements of nonsupport in this case. In order for a wife to obtain a judgment of separation from bed and board from her husband on the grounds of “intentional nonsupport,” as provided in Article 138 of the Civil Code, the evidence must establish:
“ * * * (1) That the husband is able to provide some support to his wife, but that he fails or refuses to do so; (2) that the failure or refusal of the husband to provide support is willful or by design; or that the husband has a settled purpose to not provide support for her; or that he purposely or deliberately fails or refuses to provide support with some bad motive, or with indifference to the hardships or suffering which would result; and (3) that the wife is in destitute or necessitous circumstances.” [Lerch v. Lerch, 177 So.2d 159, 163 (La.App. 3d Cir. 1965)]
In the instant case the evidence reveals that the wife had been living at home with her parents, that she was gainfully employed, and that she was not in destitute or necessitous circumstances. The record fails to disclose that the husband’s failure to support was willful, by design, or with bad motive. Thus, the wife failed to prove that the husband engaged in conduct “substantially equivalent to the type of conduct which constitutes grounds for obtaining a separation from bed and board”, Berry v. Berry, supra, and was not entitled to acquire a separate domicile.