261 So.2d 657 (1972)
Beulah Strother KENNEDY
v.
Thomas J. KENNEDY.
No. 4880.
Court of Appeal of Louisiana. Fourth Circuit.
May 2, 1972.
*658 Donelon & Cannella, James J. Donelon, III, and James L. Cannella, Metairie, for plaintiff-in-ruleappellant.
Lambert J. Hassinger, New Orleans, for defendant-in-ruleappellee.
Before REGAN, SAMUEL and REDMANN, JJ.
SAMUEL, Judge.
This is an appeal by the husband (whose name appears in some parts of the record as Thomas J. Kennedy and in other parts as Thomas J. Kennedy, Jr.) from a judgment dismissing his rule for a reduction in the amount he had been condemned to pay for the support of his wife and children.
On August 14, 1969 Mrs. Kennedy filed suit for a separation from bed and board on the ground of cruel treatment. Shortly thereafter there was judgment on rule, by consent, awarding custody of the two minor children to Mrs. Kennedy and condemning Mr. Kennedy to pay alimony and child support in the amount of $284 per month. On October 14, 1969, by default, Mrs. Kennedy obtained a judgment of separation which gave her custody of the children together with alimony and child support in the same amount to which the parties previously had agreed.
Subsequent to rendition of the judgment of separation Mr. Kennedy filed his rule to reduce the amount of alimony and child support on the ground that his wife then was gainfully employed. On January 11, 1971, after a hearing thereon, there was judgment dismissing the rule. This is the judgment from which this appeal is taken.
On January 20, 1971 Mr. Kennedy filed a petition for divorce (under LSA-R.S. 9:302) on the ground that more than one year and 60 days had passed since the date of the judgment of separation and no reconciliation had taken place between himself and his wife. He obtained a judgment of divorce by default on February 17, 1971. That judgment only dissolved the marriage; it made no mention of alimony or child support.
As a result of the divorce judgment, we cannot decide the sole question presented by this appeal, whether or not the $284 a month alimony and child support awarded in the judgment of separation should be reduced, because that award no longer has any effect and the question is now moot. Nor do we consider a possible reduction only for the short period of time between the date of the judgment on the rule to decrease and the date of the judgment of divorce; such a decrease would be inconsequential in amount and, as we understand the arguments and briefs of counsel, is not sought in this appeal.
Our settled jurisprudence is: Any judgment awarding alimony or child support obtained as an incident to a suit for separation from bed and board abates and ceases to have effect following a judgment of divorce. As the granting of the divorce abates the entire separation suit, including incidental alimony and child support awarded therein, following the divorce the wife may no longer proceed under a judgment rendered in the separation suit for alimony for herself or support for the children of the marriage. She can make such claim only as an incident to the divorce suit prior to rendition of the judgment of divorce or by separate action subsequent to that judgment. Thornton v. Floyd, 229 La. 237, 85 So.2d 499; Hawthorne v. Hawthorne, 214 La. 905, 39 So.2d 338; Bowsky v. Silverman, 184 La. 977, 168 So. 121; Starkey v. Starkey, La.App., 209 So.2d 593.
For the reasons assigned, the appeal is dismissed; all costs thereof to be paid by the appellant.
Appeal dismissed.