326 So.2d 884 (1976)
Claudius Emile WHITMEYER
v.
Laura Myrtle Jett WHITMEYER.
No. 12836.
Court of Appeal of Louisiana, Second Circuit.
February 9, 1976.
*885 Booth, Lockard, Jack, Pleasant & LeSage by H. F. Sockrider, Jr., Shreveport, for plaintiff-appellant.
Love, Rigby, Dehan & Love by Kenneth Rigby, Shreveport, for defendant-appellee.
Before PRICE, HALL and MARVIN, JJ.
PRICE, Judge.
Claudius Emile Whitmeyer has appealed from the judgment of the district court awarding his wife alimony pendente lite in the sum of $1,000 per month and $400 per month for the support of the two minor children of the marriage.
Specific assignments of error are advanced by the appellant as follows:
(a) "by awarding unto Mrs. Whitmeyer a sum substantially in excess of Mr. Whitmeyer's ability and means to pay from his net income after taxes;
(b) "by awarding unto Mrs. Whitmeyer a sum substantially in excess of the true standard of living to which she and the children were previously accustomed;
(c) "by awarding unto Mrs. Whitmeyer a sum which totally disregarded Mr. Whitmeyer's fixed obligations and community debts;
(d) "by awarding unto Mrs. Whitmeyer a sum which was grossly unfair to Mr. Whitmeyer by the failure to balance his needs with those of her and the children, thus leaving him with a sum substantially and considerably *886 below his former standard of living; and,
(e) "by setting the effective date of her award on September 12, 1975 retroactive to August 7, 1975, thereby placing him immediately in arrears $2,100.00 with another $700.00 due her in only 10 days, when the uncontroverted evidence showed he had no means from which to pay such an automatic arrearage."
Although appellant urges the amount awarded by the trial judge is in excess of that necessary to maintain Mrs. Whitmeyer and the children in a standard of living comparable to that to which they were accustomed during the time the parties lived together, we find this issue may be simply put to rest by reference to appellant's own testimony given in connection with exhibit D-18 which is an itemized schedule of living expenses prepared by Mrs. Whitmeyer. This list as originally prepared by the wife, reflected a need for a total monthly amount of $2,406.50 for herself and the children. Appellant made an evaluation of the various items included on the list and entered opposite each item the amount which he conceded would be an appropriate expense in accord with their prior standard of living. This list complied by him totals the sum of $1,362.90 which is only $37.10 less than the total awarded by the trial judge. We therefore do not find it necessary to discuss the evidence in detail relating to this issue.
The principal argument made by appellant is that the sum awarded exceeds the appellant's ability to pay and that it in effect continues the standard of living for the wife and children at the expense of reducing his standard to such an extent that the apportionment is unfair and inequitable.
Evidence was submitted by appellant attempting to show that although he had enjoyed an annual increase in earnings for the past three years preceding the filing of the separation proceedings (1972, 1973, 1974,) that for the portion of the current year prior to the trial of the rule in September, 1975, his projected net earnings have shown a substantial decrease. Appellant would thus have the court restrict its consideration of his ability to pay to the earning record complied for the partial year of 1975 without relating it to the earning experience of the past several years. Assuming that the amount awarded by the trial judge was arrived at by reference to the prior years' earning performance along with the evidence of the current year's income, this is not inappropriate in evaluating a professional man's ability to pay alimony.
In addition, appellant contends he has fixed monthly obligations which also substantially reduce the amount he has remaining to spend for his own needs. We note from the evidence that the wife has included the payment on the family home and the automobile provided for her use on the schedule of expenses which she expects to pay from her alimony. The principal amount appellant contends he must pay is an indebtedness to his mother which has no fixed repayment schedule. The second largest amount is an indebtedness incurred by him to a local bank after his separation from his wife. The remaining debt claimed is a student loan with payments of only $48 per month. Under the circumstances presented, we do not find appellant should be relieved of payment of reasonable alimony because of any claimed priority for payment of these obligations.
From our examination of the evidence submitted to the trial judge, we find no abuse of the wide discretion vested in him in assessing alimony pendente lite and child support. This discretion should not be disturbed on appeal unless it appears it has been abused by the trial court.
The remaining issue raised by appellant concerns the date of the commencement of the payment of the alimony. Appellant contends the trial judge should not have *887 ordered payment to begin retroactively to the date of filing of suit as this placed him immediately in arrears on the judgment in the sum of $2,100 with an additional semi-monthly payment falling due within ten days of the trial of the rule. Appellant argues this was error on the part of the trial judge in light of his limited ability to pay.
We find no abuse of the trial judge's discretion in fixing the date alimony should begin.
Although we held in Cumpton v. Cumpton, 283 So.2d 846 (La.App.2nd Cir. 1973) that the trial judge is not required in every case to begin the payment of alimony pendente lite on the date of judicial demand and may set a later date to achieve fairness under the circumstances presented, the general rule is to commence payment on the date of the filing of suit. The judgment as rendered herein allows appellant credit for all sums paid to or on behalf of Mrs. Whitmeyer or the children subsequent to judicial demand. This provision precludes any unfairness to appellant in making the beginning date retroactive to date of judicial demand.
For the foregoing reasons, the judgment appealed from is affirmed at appellant's cost.