347 So.2d 514 (1977)
Carlene Brandon STASER, Plaintiff-Appellee,
v.
Elbert Warren STASER, Defendant-Appellant.
No. 13277.
Court of Appeal of Louisiana, Second Circuit.
June 22, 1977.
*515 Love, Rigby, Dehan & Love by Samuel P. Love, Jr., Shreveport, for defendant-appellant.
Bodenheimer, Jones, Klotz & Simmons by J. W. Jones, Shreveport, for plaintiff-appellee.
Before BOLIN, MARVIN and JONES, JJ.
MARVIN, Judge.
The husband appeals from a separation judgment in which the trial court awarded the wife $950 per month alimony pendente lite and $225 per month child support. We affirm.
The husband's gross annual income is approximately $29,000. He also receives $35 per diem during the four or five months a year he travels for his employer. The husband voluntarily paid expenses of his wife and fourteen-year-old son in excess of $1,000 a month for four months before the legal separation.
The wife owns separate property. The trial court found her separate income was $1,419.45 a year. She proved expenses in excess of the amount awarded.
Under LSA-C.C. Art. 148 the wife is entitled to alimony pendente lite in an amount sufficient to maintain her in a style comparable to that which she enjoyed prior to the separation. Small v. Small, 173 So.2d 854 (La.App.4th Cir. 1965). There is no requirement that she deplete her capital before she is entitled to enforce the support obligation of the husband. McMath v. Masters, 198 So.2d 734 (La.App.3d Cir. 1967).
The amount to be awarded as alimony pendente lite is within the discretion of the trial court and its conclusions will not be disturbed on appeal except in cases of abuse. Whitmeyer v. Whitmeyer, 326 So.2d 884 (La.App.2d Cir. 1976). While the award is perhaps maximal, no abuse of discretion is presented.
At appellant's cost, judgment is affirmed.