347 So.2d 927 (1977)
Leisa Miller GEORGE, Plaintiff and Appellant,
v.
Dr. Joseph A. GEORGE, Defendant and Appellee.
No. 6066.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1977.
*928 Clement Story, III, Lafayette, for plaintiff and appellant.
Deshotels & Deshotels by O. H. Deshotels, Jr., Kaplan, for defendant and appellee.
Before DOMENGEAUX, GUIDRY and ROGERS, JJ.
DOMENGEAUX, Judge.
The chronology of events between the parties to this appeal, formerly husband and wife, is as follows:
1. Mrs. George filed a suit for legal separation against Dr. George in the 15th Judicial District Court of Louisiana, in and for Acadia Parish, Louisiana, on August 16, 1972, under Civil Docket No. 35,455 of that court. On September 7, 1972, judgment was entered in her favor decreeing a legal separation between the parties and further ordering Dr. George to make alimony payments in the amount of $600.00 per month. He was further ordered to pay certain mortgage payments on the community home and on a 1970 Cadillac automobile. Further he was ordered to pay monthly utility bills for a period of two years, after which time his alimony payments would increase to the sum of $800.00 per month; further, after two years, he was to continue making the aforementioned mortgage payments and monthly utility bills. (The record is devoid of any evidence which tends to show the unpaid balance on the home and on the automobile.)
2. On June 7, 1973, the parties entered into a "partition and settlement" in Acadia Parish, Louisiana, which, among other provisions, declared that in order to equalize the division and partition, Dr. George obligated himself to pay to Mrs. George a specified amount of cash, plus $600.00 per month and certain utility and telephone bills for a thirty-month period after which time the amount would increase to $800.00 per month with a continuation of the payment of the utility bills by Dr. George.
*929 Dr. George further obligated himself to pay the mortgage payments on the former community residence.
3. After the passage of one year and two months, Dr. George filed suit for a divorce against Mrs. George in the 14th Judicial District Court of Louisiana, in and for Calcasieu Parish, based on the prior judgment of separation which was granted in the 15th Judicial District Court. Personal service was made on Mrs. George. On December 13, 1973, Dr. George obtained the judgment of divorce by default against Mrs. George. The divorce proceedings including the judgment was silent as to alimony, support, or maintenance.
4. On April 5, 1976, Mrs. George filed a petition for declaratory judgment in the 15th Judicial District Court of Louisiana (in Docket No. 35,455 which was the original docket number in the separation suit previously referred to) praying for a declaration of her rights emanating from the monthly obligations which Dr. George had undertaken in the aforementioned partition and settlement of June 7, 1973, and averred that she should be entitled to the sum of $800.00 per month. Dr. George answered the suit, denying obligation or responsibility thereunder, and filed a reconventional demand and a third party action. Mrs. George answered the reconventional demand. (In view of our decision herein, it is unnecessary to elaborate upon the nature of the reconventional demand and third party action.)
5. During the pendency of the aforementioned declaratory judgment proceedings, Mrs. George proceeded by rule under the same docket number 35,455 of the 15th Judicial District Court in and for Acadia Parish, Louisiana, alleging that Dr. George was in arrears by some $7,800.00 from the alimony award judgment of September 7, 1972, praying that he be cited for contempt and that the amount in arrears be made executory.
The rule was tried on September 17, 1976, in the Acadia Parish Court and judgment was granted in accordance with the following stipulation between the parties:

"STIPULATION
BY MR. STORY: [attorney for Mrs. George]
Joseph A. George is to pay the sum of $650.00 a month, beginning September, 1976, until such time as we relitigate the question of alimony.
Joseph A. George is to bring up to date from the day of the last payment, from June until today, bring up to date the money owed to her at $650.00 per month, and he shall continue to pay the house note.
The action, petition for declaratory judgment, is dismissed as a non-suit, and either party will within a reasonable time file the question of alimony owed now and in the future.
BY MR. DESHOTELS: [attorney for Dr. George]
This agreement is subject to a suit for alimony being filed by Mrs. George within the next thirty days."
6. Mrs. George then filed a rule for recognition of the alimony granted her in the aforementioned separation suit to which rule Dr. George filed exceptions of no cause and no right of action. The court maintained Dr. George's exceptions on the basis that whatever alimony payments awarded her under the separation suit terminated as of the time of the divorce between the parties, citing the cases of Kennedy v. Kennedy, 261 So.2d 657 (La.App. 4th Cir. 1972), and Vetter v. Vetter, 299 So.2d 899 (La. App. 2nd Cir. 1974).
Mrs. George has appealed, alleging that the district judge erred:
A. In ruling that her alimony award from the separation suit terminated with the subsequent divorce;
B. In not taking into consideration the so-called ratification by Dr. George of the alimony award in the partition and settlement agreement.
Although the appellant contends that the alimony award granted her in the separation proceedings was of a permanent nature, it was not. It was alimony pendente *930 lite under the provisions of Article 148 of the Louisiana Civil Code. It is well settled in our jurisprudence that alimony pendente lite, both for the wife and any minor children, terminates with a judgment of divorce. Therefore, Mrs. George's support award contained in the separation judgment terminated when the judgment of divorce was signed. Worley v. Worley, 247 So.2d 254 (La.App. 3rd Cir. 1971); Fellows v. Fellows, 267 So.2d 572 (La.App. 3rd Cir. 1972); Kennedy v. Kennedy, supra, Vetter v. Vetter, supra, and the numerous cases cited therein.
Under the above referred to jurisprudence, inasmuch as the divorce judgment in this case abated the entire separation suit, including the incidental alimony award therein, following the divorce, Mrs. George may no longer proceed under the separation judgment which granted her alimony. She could have made an alimony claim under Article 160 of the Louisiana Civil Code as an incident to the divorce suit prior to rendition of the judgment of divorce. This she failed to do. Her only remedy now is a separate action against her former husband under the provisions of Article 160 of the Louisiana Civil Code.
Appellant in oral argument to this court expressed concern that the judgment of the trial court appears to adjudicate the rights of the parties under the agreement of `partition and settlement' dated June 7, 1973, and specifically that portion thereof which purportedly grants to plaintiff alimony in the sum of $800.00 per month. As aforestated, the rule filed by plaintiff-appellant only sought arrearages in alimony allegedly due under the separation judgment of September 7, 1972, no reference in said rule being made to any obligation of defendant-appellee under the settlement agreement. At the time said rule was filed the action seeking a declaratory judgment regarding the rights of the parties under the settlement agreement had been dismissed as of non-suit pursuant to stipulation of the parties. Under these circumstances, although some reference is made to the settlement agreement in the trial court's reasons for judgment and in the formal judgment appealed from, clearly an adjudication of the rights of the parties under this agreement was neither intended nor decreed and is not now before us. Whatever rights Mrs. George may have under the so-called partition and settlement must of necessity be adjudicated in a separate action.
For the above and foregoing reasons, the judgment of the district court is affirmed at appellant's costs.
AFFIRMED.