357 So.2d 23 (1978)
Shirley Jean Trammell DUPUY, Plaintiff-Appellee,
v.
Lucien P. DUPUY, Defendant-Appellant.
No. 6362.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1978.
Ashton J. Landry, Lafayette, for defendant-appellant.
Domengeaux & Wright, by Jack C. Fruge, Jr., Lafayette, for plaintiff-appellee.
Before CULPEPPER, FORET and JOHNSON, JJ.
JOHNSON, Judge.
This is an appeal by the defendant husband, Lucien P. Dupuy, from a judgment of *24 the trial court in Lafayette Parish, Louisiana, dated July 5, 1977. Dupuy had been sued in Ouachita Parish, Louisiana, by his wife and a judgment of legal separation was rendered by the 4th Judicial District Court of Ouachita Parish, Louisiana, on August 18, 1971. This judgment granted the wife a legal separation and custody of the three children. It also granted the wife the sum of $300.00 per month for child support. In addition to the foregoing, the judgment of Ouachita Parish granted the wife onehalf of the husband's annual bonus which he received at the first of each year.
The wife, in this proceeding, filed rules to show cause against her husband on May 13, 1977 in Lafayette Parish in the 15th Judicial District Court. The wife alleges failure of the husband to pay the child support as ordered and failure to pay the bonus ordered. The rules also asked that the past due alimony payments be made executory.
The husband also filed a rule asking for a reduction in the child support payments. He further alleges that he has been paying for one child for a period of approximately two years since the child has become a major. He asks for credit, on any amounts due by him, for payments made to the child since it became a major. Both of the parties are attempting to invoke the jurisdiction of the 15th Judicial District Court. They seek to waive any venue or jurisdiction requirements by their applications to the 15th Judicial District Court. We hold that they cannot do so and that this suit must be ordered dismissed.
We hold that the 15th Judicial District Court does not have jurisdiction of this proceeding, involving, as it does, a judgment of legal separation of another District Court.
The trial court herein made past support payments executory; entered orders making executory amounts it found due on the bonuses ordered by the Ouachita Parish Court; modified the judgment of support increasing child support; and, ordered further bonuses or commission payments to be terminated.
Our Supreme Court in McGee v. Gasery, 185 La. 839, 171 So. 49 (La. 1936) decided a case in which the issue of jurisdiction was involved. The Supreme Court held that the district judge, in a question of jurisdiction, involving jurisdiction ratione materiae, not only has the right but is bound to notice the lack of such jurisdiction, ex officio. The Court states in the Southern citation on page 51 as follows and I quote:
"(2) We think it was. In suits for divorce or for separation a mensa et thoro, the competency or power of the judge to pass upon the issues involved `pertains to the jurisdiction of the court ratione materiae rather than ratione personae.' Mann v. Mann, 170 La. 958, 967, 129 So. 543, 546. In Hockaday v. Hockaday, 182 La. 88, 161 So. 164, it was said that the court where the suit was filed was without jurisdiction ratione materiae to try it."
"(3) The jurisdiction being ratione materiae, the district judge not only had the right but was bound to notice his lack of it ex officio. In Kerr v. Kerr et al, 14 La. 177, the court said: `No plea to the jurisdiction was made by the defendants, but the want of jurisdiction in this case being ratione materiae, no consent could give it, and the judge was bound to notice it ex officio.' The case of Greiner v. Theilan, Sheriff, 6 Rob. 365, is to the same effect."
In the case of Caldwell v. Gilbert, 253 So.2d 639 (La.App. 3 Cir. 1971), the court deals with a situation where one of the parties sought modification of an alimony judgment of another court. The court states on page 642, and I quote:
"(3) We are of the opinion that once a court's jurisdiction has attached, it continues exclusively for the purpose of modifying its own alimony judgment. If this were not so, the ensuing results would unnecessarily complicate orderly legal procedure. Assuming arguendo that the Calcasieu District Court would have jurisdiction to modify Mrs. Gilbert's alimony award granted in Orleans Parish, what would prevent Mr. Gilbert from going back to the Orleans court to seek a reduction? Assuming further that Mr. Gilbert *25 could successfully have the award reduced in Calcasieu Parish, what would prevent the Orleans court from holding him in contempt for failing to pay to his wife the original amount ordered by it? Obviously if both courts were to have concurrent jurisdiction to modify the Orleans decree, there could certainly result a collision of judgments. It is quite possible for different courts to award different amounts of alimony under a given set of facts."
And again on page 642 and I quote:
" We conclude that the court that has jurisdiction to determine the extent to which a judgment shall be executed, or to modify it insofar as it is only executory and not irrevocable, when the judgment has otherwise become final, is the court that rendered that judgment. Accordingly in this case, the Civil District Court or Orleans Parish retains exclusive jurisdiction to modify the alimony award in question."
In Berry v. Berry, 300 So.2d 246 (La.App. 2 Cir. 1974) we find the following language on page 247:
"Under LSA-C.C.P. Art. 3941, an action for separation from bed and board must be brought in a parish where either party is domiciled or in the parish of the last matrimonial domicile. The venue provided in this article may not be waived and a judgment rendered by a court of improper venue is an absolute nullity. The venue requirement of this article, therefore, equates to jurisdiction."
(Writs grantedreversed on other grounds, Berry v. Berry, 310 So.2d 626, (La.1975).
The case of Dupre v. Pelotto, 336 So.2d 329 (La.App. 1 Cir. 1976) (although denied on other grounds, the facts not being comparable to the instant situation) quotes the law to the same effect on page 331:
" Our review of the authorities reveal some confusion in this area as well as some seeming conflict. Nevertheless we find that Wright, Colby, Hopkins, and White, above, establish the rule that a court which renders judgment for alimony, custody or child support incident to an action for divorce, retains exclusive jurisdiction for the purpose of modifying such a decree." (Emphasis by this court)
The case of Hopkins v. Hopkins, 300 So.2d 661 (La.App. 3 Cir. 1974) states the law on page 662 and I quote:
" We have no hesitancy in reaffirming the following rule: once the venue of the trial court has attached, it continues exclusively for the purpose of modifying the alimony or child support judgment. Caldwell v. Gilbert, 253 So.2d 639 (La.App. 3 Cir. 1971); White v. White, 272 So.2d 469 (La.App. 3 Cir. 1972)."
In view of the evidence and the jurisprudence as shown hereinabove, we reverse the judgment of the District Court herein and order that this matter be dismissed. Costs of the appeal and in the District Court to be borne one-half by the plaintiff-appellee and one-half by the defendant-appellant.
REVERSED, AND CASE ORDERED DISMISSED.