367 So.2d 1309 (1979)
Mrs. Clare GRAY, wife of Hugh Pierce Champagne
v.
Hugh Pierce CHAMPAGNE.
No. 9783.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1979.
*1310 Parlongue & Riegel, Philip R. Riegel, Jr., New Orleans, for plaintiff-appellee.
Charbonnet & Charbonnet, Jack J. Charbonnet, Kenny M. Charbonnet, New Orleans, for defendant-appellant.
Before REDMANN, STOULIG and BEER, JJ.
STOULIG, Judge.
This is an appeal by Dr. Hugh Champagne from a judgment awarding $1,100 monthly alimony to his separated wife, Clare Champagne, and $1,200 monthly for the support of his three minor children. In addition he is required to pay all medical and drug expenses incurred for the children's benefit.
Mrs. Champagne itemizes her monthly expenses at $4,179.75 and Dr. Champagne does not seriously challenge this figure. The award does not cover what we consider to be basic expenses. To illustrate, the house note is $645; utilities, $180; insurance, $200; automobile note, $246; children's tuition, $341.75; clothing, $425; and groceries, $450. These items, which do not include the entire list, total $2,487 and the award is for $2,300.
Dr. Champagne urges on appeal his income for 1977 was approximately $30,000 per annum and the award of $27,600 does not leave him a sufficient amount to maintain himself. He testified he requires approximately $1,200 per month for his own needs.
Dr. Champagne produced a 1976 income tax return that indicates his gross fees from the practice of dentistry totaled $139,442 and his net fees for that year were $34,211. Although his 1977 income tax return was subpoenaed, his attorney stated in the return on the subpoena duces tecum: "* * * The only thing that we cannot comply with was the 1977 Federal Income Tax return which is still under audit and preparation by Dr. Champagne's C.P.A. * * *"
Without Dr. Champagne's 1977 business records, we can only speculate as to what his income was for that year. Mrs. Champagne testified that while they were still married they had twice consulted a C.P.A. who had budgeted their personal monthly expenses at $4,000. When Dr. Champagne was questioned on this point, he seemed not to understand the question although it was repeated twice.
Dr. Champagne testified his net income would decrease from the $34,211 of 1976 by approximately $4,000 in 1977. If his testimony is accepted at face value, this award would pauperize him. However, we find no error in the trial judge's disregard of this income estimate.
*1311 While it may be true that on March 8 the accountant had not prepared the 1977 tax return, it was within defendant's capacity to produce his business records and establish his 1977 income through the testimony of his C.P.A. In Moore v. Natchitoches Coca Cola Bottling Co., 32 So.2d 347 (La. App. 2d Cir. 1947), the court pointed out that every litigant is expected to produce the best and strongest evidence obtainable in presenting his case, and should not expect a court to accept his own testimony on a point that might be more accurately established through an expert.
In 1976, Dr. Champagne reported on his federal tax return gross receipts of $139,442, deductible expenses of $105,231 and a net income of $34,211. He admitted that his 1977 expenses would not include a $13,593 deduction for outside help that he had available to him in 1976. He also conceded he could earn more money if he elected to work a 5-day rather than a 4½-day week.
The record before us has insufficient evidence to determine with any degree of accuracy the disposable income of Dr. Champagne at the time of this hearing and its nonproduction is attributable to appellant. Apparently the trial court concluded that Dr. Champagne was modest in stating his income and that he was capable of paying $2,300 per month.
C.C. art. 148 authorizes a trial judge to fix alimony pendente lite "* * * proportioned to her needs and to the means of her husband." In fixing the amount the needs of the wife and children have been defined as a total amount sufficient to maintain her and her children in a standard of living comparable to that which they enjoyed prior to separation limited only by the husband's ability to respond. Thomas v. Thomas, 281 So.2d 471 (La.App. 4th Cir. 1973); Cabral v. Cabral, 245 So.2d 718 (La.App. 4th Cir. 1971). The amount awarded is within the sound discretion of the trial judge and will not be altered on appeal unless the record clearly establishes an abuse of discretion. Staser v. Staser, 347 So.2d 514 (La.App. 2d Cir. 1977). The record does not warrant the finding that the trial judge abused his discretion.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.
AFFIRMED.