GULOTTA, Judge.
We are confronted with the issue whether a consent alimony and child support judgment is enforceable when rendered on the same day that a default judgment of divorce was granted but the divorce decree did not provide for alimony and child support. We conclude the judgment is enforceable, and accordingly affirm.
On July 10, 1973 a judgment of separation from bed and board was granted to the parties. In that judgment defendant was ordered to pay the sum of $70.00 per week for the support of two minor children. Thereafter, on July 22, 1976 a “consent judgment on rule” was rendered, ordering defendant to pay to plaintiff $200.00 per month for her support and $40.00 per week support for each of the two minor children. Rendered on the same date as the consent judgment on rule was a judgment of divorce. The default divorce judgment was silent on alimony and child support, and did *888 not incorporate by reference, or include the consent alimony and child support award rendered on the same day.
On February 16,1979, the trial court rendered an executory judgment against defendant in favor of plaintiff, in the sum of $3,005.40 for accumulated unpaid child support and $5,000.00 in accumulated unpaid alimony. That February 16th judgment further condemns defendant to continue to pay $200.00 per month alimony and $80.00 per week child support.
Defendant, appealing, contends the trial judge erred in rendering the February 16, 1979 executory judgment and continuing in effect the alimony and child support order for the reason that the divorce decree did not incorporate a judgment condemning defendant to pay alimony and child support. ■According to defendant, the separate consent alimony and child support judgment rendered on the same date that the divorce decree was rendered, and signed by the attorney for the litigant, but not by the litigant, became unenforceable when the divorce decree, silent on alimony and child support, was rendered. Defendant, relying on LSA-C.C.P. art. 1201,[1] further contends that because citation and service were not made upon him, the “June 14, 1976” [2] consent judgment is an.absolute nullity.
Considering defendant’s contentions in reverse order, we find no merit to the claim of absolute nullity for failure of citation and service. In response to the June 14, 1976 petition for divorce filed by Travis Vining, on July 16,1976 Phyllis Vining filed a rule for alimony and child support. This pleading is signed by counsel of record for defendant, Travis Vining, with the notation “service waived and accepted.” It is clear from the acceptance of the service by defendant’s attorney that the requirement for service has been waived. Although citation apparently was not waived, the judgment complained of by defendant is a consent judgment signed by defendant’s attorney. Under these circumstances we conclude objections regarding failure of citation have been waived.
Furthermore, we find no merit to the primary contention that because the divorce decree did not provide for alimony and child support, the separate alimony and child support consent judgment on rule granted on the same date is unenforceable. It is true, as pointed out by defendant, that our jurisprudence is well-settled that any judgment awarding alimony or child support obtained as an incident to a suit for separation from bed and board abates and ceases to have effect following a judgment of divorce. See Thornton v. Floyd, 85 So.2d 499 (La.1956); Dubois v. Breaux, 341 So.2d 68 (La.App. 3rd Cir. 1976); Bozarth v. Bo-zarth, 199 So.2d 544 (La.App. 4th Cir. 1967); and Kennedy v. Kennedy, 261 So.2d 657 (La.App. 4th Cir. 1972).
However, it is obvious that the July 22, 1976 consent judgment on rule, setting alimony and child support, was incidental to and rendered in connection with the divorce of the same date. It is clear from the language of Mrs. Vining’s July 16, 1976 Rule for Alimony and Child Support that the rule was filed in expectation that the forthcoming divorce judgment would abate the prior pendente lite support judgment. The July 16, 1976 rule obviously sought post-divorce support, and therefore was an incident to the divorce suit. Further, the record reflects that on July 22, 1976, the alimony/child support judgment was rendered after the divorce decree. At trial of *889 the rule to make past-due support executo-ry, the trial judge stated:
“And for the record in the minutes the judgment of the divorce is entered first and the rule, the consent judgment on the rule is entered in the minute book after the judgment of divorce.
The minute book is here available for inspection.”
We do not interpret our holding in Kennedy, supra, or in any of the other cited cases, to mean that a judgment awarding alimony and child support in a separate judgment incidental to the divorce decree rendered on the same date, but silent on alimony and child support, makes the alimony and child support decree unenforceable.
Finally, we find no merit to the claim that because the alimony and child support judgment was rendered subsequent to the time the divorce decree was rendered (according to the minutes), but on the same day, a separate petition for alimony and support is required. LSA-C.C.P. art. 2592(8) and LSA-C.C.P. art 2594[3] permit the use of summary proceedings in alimony and support matters. Furthermore, as pointed out above, any request for a separate petition, citation and service has been waived by the appearance in the consent judgment.
Under these circumstances, we conclude that the alimony and child support decree is an incident to the divorce decree, though rendered in separate documents, and is therefore enforceable. Having so concluded, we affirm the judgment of the trial court.

AFFIRMED.

. LSA-C.C.P. art. 1201 reads as follows:
“Art. 1201. Citation; waiver Citation and service thereof are essential in all civil actions except summary and executo-ry proceedings. Without them all proceedings are absolutely null.
The defendant may expressly waive citation and service thereof by any written waiver made part of the record.”

. Defendant, in brief, erroneously refers to a June 14, 1976 consent judgment, but no judgment was rendered on that date. The petition for divorce was filed on June 14, 1976 and plaintiffs rule for alimony and child support filed on July 16, 1976 makes reference to the June 14, 1976 date. However, the consent judgment on rule, from which the executory judgment was rendered, was dated July 22, 1976.

. LSA-C.C.P. arts. 2592(8) and 2594 read as follows:
“Art. 2592. Use of summary proceedings Summary proceedings may be used for trial or disposition of the following matters only:
(8) The original granting of, subsequent change in, or termination of, child custody, alimony, child support in behalf of minor children, and support between ascendants and descendants; and ...”
“Art. 2594. Service of process Citation and service thereof are not necessary in a summary proceeding. A copy of the contradictory motion, rule to show cause, or other pleading filed by the plaintiff in the proceeding, and of any order of court assigning the date and hour of the trial thereof, shall be served upon the defendant.”