393 So.2d 901 (1981)
Mrs. Dawn L. TRAHANT, wife of Lee Fagan
v.
Larry Jack INGRAM.
No. 11503.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1981.
Roccaforte & Rousselle, Leo W. Rousselle, New Orleans, for plaintiff-appellant.
Wiley J. Beevers, Metairie, for defendant-appellee.
Before GARRISON, CHEHARDY and STOULIG, JJ.
CHEHARDY, Judge.
Plaintiff, Dawn L. Trahant, wife of Lee Fagan, appeals a judgment of the Twenty-fourth Judicial District Court for the Parish of Jefferson granting the exception of improper venue brought on behalf of the defendant, Larry Jack Ingram, and also ordering that the action be transferred to the Twenty-first Judicial District Court for the Parish of Tangipahoa.
On October 15, 1979, the plaintiff filed a petition in the Twenty-fourth Judicial District Court, Parish of Jefferson, seeking to recognize defendant as the natural father of her three children and also seeking custody and child support. Although the defendant was personally served in Jefferson Parish, he filed the declinatory exceptions of improper venue and lack of jurisdiction, alleging he was domiciled in the Parish of Tangipahoa, and further, that all issues in *902 plaintiff's suit were already pending before the Twenty-first Judicial District Court, Parish of Tangipahoa, in connection with his disavowal of paternity action filed in said court on September 7, 1979.
On November 19, 1979, a joint motion for continuance was filed by attorneys for both the plaintiff and the defendant, and it was ordered that the exceptions and merits of the matter be continued until January 15, 1980. On January 14, 1980, again on joint motion of attorneys for both the plaintiff and the defendant, the exceptions and merits of the action were continued until February 5, 1980.
In his reasons for judgment, the trial judge stated in part:
"The issue before this Court is whether the plaintiff's petition to recognize natural father of children, for custody and support was filed in a court of proper venue and whether this Court had jurisdiction over the person of the defendant.
* * * * * *
"The law is clear that objections to improper venue are waived by making a general appearance, LSA-C.C.P., Arts. 925, 7, or else by the failure to raise such objections by a Declinatory Exception filed prior to Answer or to entry of preliminary default, Arts. 44, 928. The law is also clear that venue is not waivable in status matters, which includes divorce, separation and annulment of marriage. LSA-C.C.P., Art. 3941. By the terms of said Article 3941,
'An action for an annulment of marriage, for a separation from bed and board, or for divorce, shall be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile.
The venue provided in this article may not be waived, and a judgment rendered in any of these actions by a court of improper venue is an absolute nullity.'
"Once venue of the trial court has attached in matrimonial litigation, it continues exclusively for alimony, custody, child support, etc. Dupuy v. Dupuy, 357 So.2d 23 (La.App. 3 Cir., 1978). In the instant case, the issues of custody and child support were decided by the 21st Judicial District Court for the Parish of Tangipahoa. Consequently, the Tangipahoa Court would have continuous jurisdiction to determine said issues, regardless of whether a general appearance was made in Jefferson Parish.
"As to whether the 24th Judicial District Court could determine the issue of whether defendant herein should be recognized as the natural father of the children, assuming arguendo that the 21st Judicial District Court did not have continuing jurisdiction over said matter, the Exception of Improper Venue should be maintained in that said petition is not a prayer for separation, divorce or annulment of judgment, as contemplated by said Article 3941. Consequently, the general venue rule of Article 42(1) of the Code of Civil Procedure would be applicable, and proper venue would rest in the parish of defendant's domicile.
"In summary, the general appearance argument of plaintiff is, therefore, without merit for two reasons:
(1) The 21st Judicial District Court for the Parish of Tangipahoa has continuing jurisdiction over the issues of custody and child support; any judgment concerning said issues by this Court would be absolute nullities; and
(2) Assuming arguendo that the 21st Judicial District Court for the Parish of Tangipahoa does not have continuing jurisdiction to decide the issue of whether defendant herein should be recognized as the natural father of the children, the general venue rules would be applicable; thereby, the parish of defendant's domicile would be the Court of proper venue. This venue has not been waived by the defendant, but rather, has been excepted to and is the matter at bar. The Exception of Improper Venue, therefore, must be maintained.
"The Court has the discretionary ability to either dismiss the said petition to recognize natural father, or to transfer it to *903 a court of competent jurisdiction. In the interest of justice, this Court does transfer this matter to the parish of defendant's domicile, the Parish of Tangipahoa."
We find no error in the district court's rationale. The court in Dupuy v. Dupuy, 357 So.2d 23, 25 (La.App. 3d Cir. 1978), stated:
"The case of Dupre v. Pelotto, 336 So.2d 329 (La.App. 1 Cir. 1976) (although denied on other grounds, the facts not being comparable to the instant situation) quotes the law to the same effect on page 331:
Our review of the authorities reveal some confusion in this area as well as some seeming conflict. Nevertheless we find that Wright, Colby, Hopkins, and White, above, establish the rule that a court which renders judgment for alimony, custody or child support incident to an action for divorce, retains exclusive jurisdiction for the purpose of modifying such a decree.' (Emphasis by this court)
"The case of Hopkins v. Hopkins, 300 So.2d 661 (La.App. 3 Cir. 1974) states the law on page 662 and I quote:
'[2] We have no hesitancy in reaffirming the following rule: once the venue of the trial court has attached, it continues exclusively for the purpose of modifying the alimony or child support judgment. Caldwell v. Gilbert, 253 So.2d 639 (La.App. 3 Cir. 1971); White v. White, 272 So.2d 469 (La.App. 3 Cir. 1972).'
"In view of the evidence and the jurisprudence as shown hereinabove, we reverse the judgment of the District Court herein and order that this matter be dismissed. Costs of the appeal and in the District Court to be borne one-half by the plaintiff-appellee and one-half by the defendant-appellant."
Nor do we agree with plaintiff's argument that if the Tangipahoa court does not have continuing jurisdiction then the defendant submitted himself to the jurisdiction of the Jefferson court by his motions for continuance, constituting a general appearance. Although the court in Gulf South Research Institute v. Bramlet, 240 So.2d 421 (La.App. 3d Cir. 1970), held the defendant in that action had subjected himself to the court's jurisdiction when he sought and obtained a continuance of the trial, that court also said at page 425:
"* * * LSA-CCP Article 7 provides that except as otherwise provided therein, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than those five types of relief specified, which do not include a motion for continuance.
"In our original opinion we concluded that defendant's `Motion for Continuance' was a motion for an extension of time within which to plead, which did not constitute a general appearance under LSA-CCP Article 7. But the thrust of defendant's `Motion for Continuance' contemplated a readiness to join issue on the merits and an intent to file a reconventional demand. The motion was aimed solely at postponing the trial, not at denying jurisdiction. The courts have been reluctant to extend the exceptions provided in LSA-CCP Article 7. Defendant's motion for time to formulate a more comprehensive answer and to file a reconventional demand waived his objections to jurisdiction and subjected Bramlet to the court's jurisdiction." (Emphasis ours.)
The present case is distinguishable in that the motions for continuance jointly made by attorneys for both parties also included a request to continue the hearings on the exceptions of improper venue and lack of jurisdiction.
For the reasons set forth herein the district court decision is affirmed.
AFFIRMED.