BOUTALL, Judge.
This appeal is concerned with the amount of an award of child support, the amount of an award of attorney’s fees, and the refusal to continue permanent alimony after divorce.
In these consolidated cases, Sharon Lynn Shannon Bishop and Joseph F. Bishop, Jr. obtained judgments of separation and subsequent divorce, with custody of their minor child Christopher awarded to Mrs. Bishop. In both of those judgments there was an award of alimony to Mrs. Bishop and child support for Christopher as agreed upon between the parties. The parties have filed post-divorce motions to increase and decrease the amounts of the alimony and child support, and a rule for contempt alleging past due amounts owing, together with attorney’s fees. The trial court rendered judgment terminating alimony for Mrs. Bishop, increasing child support to the sum of $850.00 per month, ordering payment of $450.00 in tuition owed by Mr. Bishop, together with $350.00 attorney’s fees. Mr. Bishop has appealed and Mrs. Bishop has answered the appeal.
The primary issue in Mr. Bishop’s appeal is the amount of the award of child support, which he contends is excessive. He asserts error in the trial judge’s finding “that Mr. Bishop is capable of earning plenty of money beyond the maximum he is talking about” and the judge’s apparent reliance upon the case of Champagne v. Champagne, cited as Gray v. Champagne, 367 So.2d 1309 (La.App. 4th Circuit 1979). We find the principles of the Champagne case to be applicable to this case, and indeed, we find that the record in this case shows more evidence than does the Champagne case that justifies a conclusion that Mr. Bishop is capable of earning more than he contends in argument.
First, we consider the composition of the increased child support. In the divorce *801 judgment the child support was agreed upon by the parties at $300 per month with cost of living increases measured by the consumer price index, together with providing hospitalization and health insurance, the cost of tuition at Sam Barthe School or its equivalent, and all medical and dental expenses not covered by the hospitalization policy. Alimony for Mrs. Bishop was set (relating back to the separation judgment) at $500 per month with similar cost of living increase, cost of insurance premiums on her home and automobile, hospitalization and health insurance and all expenses not covered thereby, and the cost and expenses of maintenance and repairs to the home and automobile. We recite this for two reasons. Primarily, the child support judgment does not constitute simply a raise from $300 on March 10, 1978 to $850 on June 6,1979, but was based in pertinent part on the inclusion of those items in the lump sum rather than as separate items which were causing conflicts over payment between the parties. Secondly, we cite the agreed upon payment for the wife because there is some relevancy under the facts of this case in showing that the spouse had agreed to pay despite a fluctuating income, a sum which Mrs. Bishop computes at $1220 a month and Mr. Bishop had computed at $1,046.87 per month. We point out that this is only a minor consideration in looking at the overall financial picture of these parties.
The basic issue, and one of the controlling issues on this appeal is the income of Mr. Bishop at the time of the trial. We would readily admit that there is sufficient justification for Mr. Bishop’s fluctuation and at times reduction of income because he has changed positions in his law business. At the same time, the record also supports the trial judge’s position that Mr. Bishop is capable of earning more money than he has disclosed. We cite for example Mr. Bishop’s testimony that between the period September 1, 1978 to the last day of April, 1979 on a monthly basis he had been averaging a take-home before taxes of $2,300.32. Depending where one starts for computations, one arrives at different figures. We note for example that his testimony for the period January 1, 1979 forward is as follows:
January, gross fees $9,959, net take home $5,673.84.
February, gross fees $11,437.87, take home $9,426.24.
March, gross $6,826.36, take home $4,220.68.
April, gross $400, net—deficit $1,556.54. May, gross $2,895.90, take home $1,503.79.
During this period it is readily perceived that Mr. Bishop’s net earnings were nearly $4,000 per month. Additionally, there is evidence in the record to show Mr. Bishop received some benefits from a trust arrangement resulting from his prior legal practice, the extent of which we are unable to ascertain. Under these facts, we find ample basis to support the findings of the trial judge. Accordingly, even though we may conclude that his finding of need for the child is perhaps generous, the amount awarded falls within his discretion, and we find no basis to disturb it.
The second issue on Mr. Bishop’s appeal is the award of attorney’s fees in the amount of $350 under R.S. 9:305. Although the judge only found Mr. Bishop in arrears in the amount of $400, the record shows that an additional amount of alimony was owing and past due, but paid prior to trial and that the prior alimony payments had been paid late on nearly every occasion. There is ample justification for the award.
The last issue before the court is that raised by Mrs. Bishop on her answer to the appeal, that the court erred in terminating her alimony because Civil Code Article 160 was unconstitutional. The hearing was just prior to the effective date of the 1979 amendment, and the issue is not seriously pursued on appeal. The case of Lovell v. Lovell, 378 So.2d 418 (La.1979) rendered some time later is determinative of that issue and the judgment is affirmed.
For the reasons above recited, the judgment appealed from is affirmed.
AFFIRMED