SCHOTT, Judge,
dissenting in part:
I respectfully dissent from that part of the majority opinion which affirms the judgment in favor of Mrs. Bishop for $850 *802 per month for the support of a ten year old boy.
Mr. Bishop was admitted to practice as an attorney in 1969. His income tax return for 1978 shows an income from his law practice in the amount of $18,808, and for 1977, $19,271. He testified at the trial in June, 1979, that between January and May, 1979, he had a gross income from his law practice of $31,519, with a net income before taxes of $19,269. I note parenthetically that it does not seem unusual for his professional expenses as a sole practitioner to be approximately 39% of his gross. In any event, his average monthly net income for these five months was $3,854 before taxes.
According to Mr. Bishop, he is paying $160 per month for the support of his child by a previous marriage, he is now married for a third time providing a household for his new wife and her three year old child by a previous marriage and although the father of that child pays $100 per month child support, Mr. Bishop incurs some expenses for this child over and above the $100. It appears to me that $850 for this ten year old child is excessive on the face of these figures considering that allowances must be made for income taxes and social security.
In arriving at the $850 figure the trial judge made the following observation:
“... The court is of the opinion that Mr. Bishop is capable of earning plenty of money beyond the maximum he is talking about. Attorneys make more money than that. Mr. Bishop has always been successful in this business and it is hard for me to believe he is making it on what he is talking about.”
With all deference to and respect for the trial judge, it seems to me that this constitutes speculation on his part. Nothing in this record, or in my own experience, convinces me that Mr. Bishop or any attorney with nine years in the practice is necessarily capable of earning more than he presented to the court. I am not aware that attorneys with his experience generally make more money than he claimed he was making, and there is no evidence in the record to support such a conclusion.
In addition, if Mr. Bishop’s capability of earning more than he presented in his figures was a proper consideration, the same reasoning would require that Mrs. Bishop assume more of the burden of her son’s needs. She testified that she had been operating an antique business for a year and a half and has never made any money on the operation. She obviously has the time and the ability to hold a job in which she could earn a reasonable income.
Gray v. Champagne, 367 So.2d 1309 (La. App. 4th Cir. 1979) is distinguishable. There, the court was not impressed with Dr. Champagne’s testimony on his income because he did not produce his most current tax return, his business records or his C.P.A. Furthermore, he admitted that he could have earned more by the simple expedient of working 5 instead of 4‘A days a week. Finally, there was some evidence that he was earning over $4,000 per month rather than $2,500 as he testified. Based on these facts which are in sharp contrast with the facts of the instant case the court ordered Dr. Champagne to pay $1,200 per month for the support of his three children.
Accordingly, I would reduce the child support award, but I concur with the majority in all other respects.