BIENVENU, Judge.
This is an appeal from a judgment on a rule to increase child support payments. The only issue on appeal is whether the trial court erred in overruling defendant’s exception of improper venue.
The record shows that on October 16, 1970, plaintiff, Bernice Courville, and defendant, Percy Courville, were separated from bed and board by a judgment rendered by the 15th Judicial District Court. In the judgment, plaintiff was awarded the permanent care, custody and control of the minor children of the marriage, and defendant was ordered to pay child support in the sum of $300.00 per month.
On August 15,1980, plaintiff brought this rule to increase defendant’s child support payments. Her petition contained the following allegations:
“Defendant was ordered to pay mover alimony at the rate of THREE HUNDRED AND NO/100 ($300.00) DOLLARS monthly for the support and maintenance of her five minor children by the judgment rendered and signed in this proceeding on October 16, 1970.
2.
By judgment of the 4th Judicial District Court of the Parish of Ouachita, State of Louisiana, rendered on April 17, 1973, the defendant was ordered to pay mover the sum of FOUR HUNDRED AND NO/100 ($400.00) DOLLARS per month for the care, support and maintenance of the five minor children.
3.
On April 4, 1978, the 4th District Court for the Parish of Ouachita ordered the defendant to pay mover the sum of THREE HUNDRED AND NO/100 ($300.00) DOLLARS per month for the support of her minor children, Kevin James Courville and Mark Anthony Cour-ville, with the provision that upon Mark Anthony Courville’s reaching the age of 18 years, the child support would be reduced to the sum of $175.00 per month.
4.
Mover is presently receiving the sum of ONE HUNDRED SEVENTY-FIVE AND NO/100 ($175.00) DOLLARS per month for the support of her minor son, Kevin James Courville.”
Defendant filed an exception of improper venue alleging the following:
“This Honorable Court is not the proper venue to alter and amend the judgment rendered by the Fourth Judicial District Court in and for Ouachita Parish, Louisiana, and Exceptor herein excepts to the venue herein.”
According to the minutes of the court, counsel argued the merits of the exception in chambers without introducing evidence. After hearing the arguments, the district court overruled the exception, noting in the minutes that “the original suit fixing support payments was filed in Lafayette Parish and later actions were filed in another jurisdiction.”
Defendant applied to this court for certio-rari or a writ of review. Since the record did not contain anything contradicting the trial court’s determination that the original suit fixing support payments was filed in Layfayette Parish, the writ was denied for the following reasons:
“We find no error in the trial court’s judgment which complies with the venue requirements set forth in Dupuy v. Du- *594 puy, 357 So.2d 23 (La.App. 3rd Cir. 1978), and cases cited therein.”
Following a hearing on the rule, the district court rendered judgment in plaintiff’s favor ordering defendant to pay child support in the sum of $240.00 per month. From that judgment, defendant appeals.
On appeal, defendant argues that contrary to this court’s conclusion in denying his writ application, the trial court’s judgment overruling his exception of improper venue does not comply with the venue requirements set forth in Dupuy v. Dupuy, supra. He alleges that subsequent to the initial award of child support by the 15th Judicial District Court, the 4th Judicial District Court rendered a judgment of divorce in which it made an award of child support. Citing the decision of our Supreme Court in Thornton v. Floyd, 229 La. 237, 85 So.2d 499 (1956), he argues that this judgment of divorce abated the judgment of separation from bed and board in which the 15th Judicial District Court made the initial award. He further argues that since the judgment of divorce rendered by the 4th Judicial District Court is the only viable judgment awarding child support, that court retains exclusive jurisdiction for modifying its decree under the holding of Dupuy v. Dupuy, supra.
In furtherance of his argument that under Thornton v. Floyd supra, a judgment of final divorce abates a prior judgment of separation from bed and board, defendant also refers us to Dubois v. Breaux, 341 So.2d 68 (La.App. 3rd Cir. 1976), in which this court stated:
“Our law is settled that a judgment of final divorce abates and renders ineffective a prior judgment of separation from bed and board and all incidents flowing therefrom, including the fixing of alimony and child support and the awarding of custody of the children, except that the wife retains the right to enforce payment of the amount of alimony or child support which accrued prior to the date of the final divorce decree. Thornton v. Floyd, 229 La. 237, 85 So.2d 499; Bozarth v. Bozarth, 199 So.2d 544 (La.App. 4 Cir. 1967); Broussard v. Menard, 316 So.2d 485 (La.App. 3 Cir. 1975); Manuel v. Broderson, 298 So.2d 333 (La.App. 3 Cir. 1974); Fellows v. Fellows, 267 So.2d 572 (La.App. 3 Cir. 1972).”
See also, Vining v. Vining, 389 So.2d 886 (La.App. 4th Cir. 1980); Dugas v. Dugas, 374 So.2d 1278 (La.App. 3rd Cir. 1979); George v. George, 347 So.2d 927 (La.App. 3rd Cir. 1977).
Defendant also argues that under the holding of Dupuy v. Dupuy, supra, the court rendering the initial judgment fixing child support payments does not retain exclusive jurisdiction to decide the issue of child support when its decree has become abated by a later judgment rendered by another court; and that it is clear from the language of the opinion in Dupuy that a court does not become vested with exclusive jurisdiction to decide the issue of child support simply because it was the first court to consider the subject matter.
Defendant’s arguments are premised on a judgment of divorce being rendered in the Fourth Judicial District Court subsequent to the rendition of a judgment of separation in the Fifteenth Judicial District Court. When defendant made his writ application, however, there was nothing in the record to show that the awards made by the 4th Judicial District Court were incidental to a judgment of divorce. After reviewing the record once again, we find that that is still true.
Contrary to defendant’s assertion, the record does not clearly show that a divorce decree was rendered by the 4th Judicial District Court. The only reference to this alleged decree that we can find in the record is an allegation that defendant made in an exception of improper venue that he filed in response to a rule brought by plaintiff in 1972. Under LSA-C.C.P. Art. 852, defendant’s allegation must be considered as having been denied, however, and the record does not show that any evidence was ever introduced to prove it.
In view of this lack of evidence, we are constrained to conclude that defendant has not borne his burden of proving the facts on *595 which he bases his exception. However meritorious his arguments might be as they apply to that set of facts, we nevertheless are unable, under the circumstances, to consider their worth. Thus, we cannot agree with his argument that the trial court erred in overruling the exception.
For the above and foregoing reasons, the judgment appealed by defendant is affirmed at his cost.
AFFIRMED.
CUTRER and STOKER, JJ., concur.