436 So.2d 1202 (1983)
Bente Tveiten Stagg, wife of Eric Timothy STAGG
v.
Eric Timothy STAGG.
No. CA 0537.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1983.
Rehearing Denied September 22, 1983.
*1204 Favret, Favret, Demarest & Russo, J. Paul Demarest, New Orleans, for plaintiff-appellant.
Saterlee, Mestayer & Freemen, A.D. Freeman, New Orleans, for defendant-appellee.
Before GARRISON, BYRNES and WILLIAMS, JJ.
BYRNES, Judge.
This is an appeal from a judgment of the Civil District Court, Parish of Orleans, maintaining defendant's Exception of Improper Venue and overruling his Exceptions of Lis Pendens, Lack of Subject Matter Jurisdiction, and Unauthorized Use of Summary Proceedings.

FACTS
On May 1, 1979 Bente Tveiten Stagg, plaintiff-appellant and Eric Timothy Stagg, defendant-appellee were judicially separated in the Civil District Court, Parish of Orleans. Custody of their minor child, Heidi Stagg, was awarded to plaintiff. Defendant was condemned to pay child support in the amount of $350.00 per month. The Judgment of Separation made no provisions for alimony pendente lite; however, it did order defendant to continue providing health insurance for the child and mother.
Following the Judgment of Separation, Mr. Stagg moved to Harris County, Texas. After residing there for six months he filed for divorce on grounds of living separate and apart. Mrs. Stagg neither answered the petition nor submitted to the jurisdiction of the Harris County Court. Defendant obtained a judgment of divorce by default on April 14, 1981. This decree granted custody of the minor child to Mrs. Stagg, divided the community property, condemned Mr. Stagg to pay $350.00 per month child support, and was silent as to permanent alimony.
On March 10, 1982 appellant filed a Motion to Increase Child Support and a Request for Alimony in the Parish of Orleans in the same proceeding in which the original Judgment for Separation had been rendered. Appellee appeared solely for the purpose of filing exceptions of Improper Venue, Lis Pendens, Lack of Subject Matter Jurisdiction, and Unauthorized Use of Summary Proceedings. The trial judge referred the exceptions to the merits. However, decision on the merits was never reached as the trial court maintained the Exception of Improper Venue. From that judgment plaintiff perfected this appeal.

ISSUES
Appellant specifies three issues on appeal: 1.) That the trial court erred in sustaining defendant's Exception of Improper Venue; 2.) That she is entitled to permanent alimony; and, 3.) That she is entitled to an increase in child support for her minor daughter.

VENUE
Appellant argues that under the concept of continuing jurisdiction the Civil District Court for the Parish of Orleans was the proper venue in which to bring her Motion for Increase in Child Support and the Request for Permanent Alimony. We find this argument to be correct regarding the increase in child support but invalid as to the request for alimony.

VENUE FOR ALIMONY
A valid ex parte foreign divorce, obtained by default, has the effect of dissolving the marriage. Lewis v. Lewis, 404 So.2d 1230 (La.1981). Although such a divorce can establish marital status, it cannot effect child support or alimony because there is no personal jurisdiction over the *1205 absent spouse. Lewis, supra. Further, it is well settled that where the issue of permanent alimony is not raised prior to a final decree of divorce any subsequent claim for alimony must be made through an independent action and not as an incident of the original separation or divorce proceeding. George v. George, 347 So.2d 927 (La.App. 3rd Cir.1977); Starkey v. Starkey, 209 So.2d 593 (La.App. 1st Cir.1967).
In the present case there is no question that Mr. Stagg obtained a valid divorce decree in Texas. However, under the rule enunciated in Lewis, supra, the Texas decree was only effective to dissolve the marriage and close the separation proceedings. Once the foreign judgment was brought to the attention of the Orleans Parish Court, the pending separation proceedings ended. Thus any subsequent claim for alimony by Mrs. Stagg would require a separate action. Under these circumstances the general venue provisions of Code of Civil Procedure Article 42(5) would control. Accordingly, the trial judge was correct in finding that Orleans Parish was an improper venue for this action to obtain permanent alimony.[1]

VENUE FOR CHILD SUPPORT
Louisiana jurisprudence and codal provisions are clear in their mandate that the obligation of child support does not end upon dissolution of the marriage. Dubroc v. Dubroc, 388 So.2d 377 (La.1980) La.Civ. Code Arts. 158, 160 and 227. Because an ex parte divorce by default is ineffective as to child support, the amount provided for in the original separation decree would remain in full force and effect until one of the parties moves to modify it or until the child reaches eighteen. Where there is a previously existing award of child support, jurisdiction and venue for modification of that award is generally retained by the court which made the original award. Trahant v. Ingram, 393 So.2d 901 (La.App. 4th Cir. 1981); Holden v. Holden, 374 So.2d 749 (La.App. 3rd Cir.1979).
In the case at bar, the Texas decree made provisions for child support. However, Lewis, supra, provides that these provisions are ineffective in Louisiana. Therefore, the child support order contained in the original separation decree should remain in effect. Mrs. Stagg now seeks a modification of the original award. Accordingly, venue and jurisdiction are retained by the court which originally set the amount of child support; i.e. the Orleans Civil District Court. The trial judge was incorrect in finding venue improper regarding modification of the original child support award.

AMOUNT OF CHILD SUPPORT
For reasons of judicial economy and convenience to the parties, the trial judge referred judgment on defendant's exceptions to the merits. Because the entire record is before us, we shall review it and render judgment on appellant's claim for increased child support.
It is well settled that in order to obtain an increase in child support the claimant must show a substantial change in circumstances. Ducote v. Ducote, 339 So.2d 835 (La.1976). The amount of child support is determined by evaluating the wants and needs of the child in relation to the means of the parent condemned to pay support. La.Civil Code Art. 227 and 231. When arriving at an appropriate figure for child support the court "must consider the totality of all pertinent circumstances." Nelms v. Nelms, 413 So.2d 1341, 1342 (La.App. 1st Cir.1982) and the authorities cited therein.
The jurisprudence is clear on the issue of the guideline to be used in determining the proper standard of living for the child. In Ducote, supra, the court stated:
If the parents are divorced and the children are living with their mother, the children are entitled to the same standard of living as if they resided with their *1206 father whenever the financial circumstances of the father permit. 339 So.2d at 838.
Therefore, if the non-custodial parent experiences a significant increase in income, the child may be entitled to share in that increase because he or she would benefit from it if they lived with the non-custodial parent.
In the instant case, the record reflects that Mrs. Stagg's expenses for her minor daughter have increased since the original separation in 1979. Heidi is now seven years old and the cost of providing food, clothing and education for a seven year old are significantly greater than for a four or five year old. Mrs. Stagg works full time and must pay for child care after school. Finally, the testimony establishes that the child apparently suffers from a chronic respiratory illness. Although Mr. Stagg carries Heidi on his health insurance policy, which is paid for by his employer, Mrs. Stagg remains responsible for 20 per cent of all medical costs.
Mr. Stagg's yearly income has increased by approximately $50,000.00 since the separation in 1979. We recognize that his position abroad requires him to spend more money on the essentials as well as on certain items which he would not require in the U.S. However, many of these expenditures are reimbursed by his employer. Further, three of appellee's larger expenditures are for luxuries such as elective plastic surgery for his present wife, elective dental work, and certain investment property in Colorado. The record clearly establishes that although Mr. Stagg has voluntarily increased his child support payments by $50.00 per month, this amount does not meet the child's monthly expenses much less maintain her at the level which she would enjoy if she were living with him. We therefore conclude that an increase in child support is justified in this case.
In determining the amount of child support to be awarded, a portion of general household expenses such as, mortgage payments, food, utilities, etc. may be attributed to the child's needs as well as those expenses which are exclusively for her. Nelms, supra. The evidence presented at trial indicates that expenses attributable to the child either in part or in whole are at least $600.00 to $650.00 per month. Mrs. Stagg takes home roughly $630.00 per month from her job and receives $400.00 per month child support. Her total monthly expenditures are approximately $1530.00. Clearly $400.00 per month will not maintain the child at a level commensurate with one whose net salary is nearly five times that of Mrs. Stagg.
In Silas v. Silas, 399 So.2d 779 (La.App. 3rd Cir.1981), the court held that where the non custodial parent had gross earnings of approximately $25,000.00 per year, an award of $350.00 per month for child support was reasonable. On the opposite end of the spectrum where the non custodial parent averaged $4,000.00 per month net earnings, an award of $850.00 per month child support was upheld. Bishop v. Bishop, 394 So.2d 799 (La.App. 4th Cir.1981).
In the present action, the record establishes that Mr. Stagg has a net income of approximately $4,500.00 per month. By contrast, appellant brings home only $630.00 per month. Although appellee makes more than the non custodial parent in Bishop, supra we note that the cost of living in Nigeria is higher than that in the United States. Therefore, we feel that the actual amount of income available to him each month is realistically somewhat less than $4,000 and find an increase in child support from $350.00 to $600.00 per month is appropriate.

CONCLUSION
The Civil District Court for the Parish of Orleans is the proper venue for the Motion to Increase Child Support. However, the Parish of Orleans is not the proper venue for the action to obtain permanent alimony. The amount of child support is increased to $600.00 per month.
AFFIRMED IN PART, REVERSED IN PART, RENDERED.
NOTES
[1] The propriety and/or amount of permanent alimony is not an issue properly before this court due to our holding concerning the proper venue for an action to award permanent alimony.